MILLS and Others *v.* THE STATE on the relation of BARBOUR and Others.

A justice of the peace is not a state or county officer, within the meaning of § 11 of the act organizing the Court of Common Pleas.

The Court of Common Pleas has jurisdiction of a suit upon the official bond of a justice of the peace.

A summons cannot, under the code, be issued upon a *prœcipe;* nor can it issue before the complaint is filed.

Where a summons has been issued upon a *prœcipe,* the error might be waived by appearance without a motion to quash or set aside the summons; but appearance after judgment by default, and making an ineffectual motion to set aside the default, will not operate as a waiver of the error.

*Monday,*
*May 24.*

APPEAL from the *Howard* Court of Common Pleas.

WORDEN, J.—This was an action brought by the appellee against the appellants, in the Common Pleas of *Howard* county, on an official bond of the appellant, *Mills,* as a justice of the peace.

It appears by the record that, on the 14th of *May,* 1855, the relators filed in the office of the clerk of said Court a *prœcipe,* requiring the clerk to issue a summons in the cause; and that on the same day a summons was issued, which was afterwards served and returned. Afterwards, on the 1st day of *June,* in the same year, a complaint was filed. At the next term of the Court, held in *July,* when the summons was made returnable, the defendants below were called and defaulted, and judgment rendered against them as by default. They afterwards moved to set aside the default; but their motion was overruled. There is a question raised as to an amendment permitted by the Court after the judgment by default had been entered; but from

the view we take of another point in the case, it will be unnecessary to notice it.

Several errors are assigned; but we shall notice but two of them. The first is, " that the Court had no jurisdiction to try and determine the cause;" and the second, " that the writ issued without the authority of law, and was void."

It is claimed that the Court had not jurisdiction of the subject-matter of the action; and this depends upon the construction which shall be given to the 11th section of the act organizing the Court of Common Pleas, and defining its jurisdiction, &c. 2 R. S. p. 18. That section provides that, " In all civil cases except for slander, libel, breach of marriage contract, action on official bond of any state or county officer, &c., the Court of Common Pleas shall have concurrent jurisdiction with the Circuit Court," &c. Is a justice of the peace a " state or county officer" within the meaning of said section?

There are several constitutional and statutory provisions that seem to bear upon this question. By the 14th section of article 7 of the constitution, it is provided that " A competent number of justices of the peace shall be elected, by the voters in each township in the several counties," &c.

Section 6 of article 6 provides that " All county, township, and town officers shall reside within their respective counties, townships, and towns; and shall keep their respective offices at such places therein, and perform such duties as may be directed by law." 

By the first section of the act to provide for township elections (1 R. S. p. 269), it is enacted " That there shall be held an election in each township, at the usual place of holding elections, on the first *Monday* of *April* in each year, for the purpose of electing *township* officers, and such other officers as may be provided for by law," &c.

By the act providing for the election of justices, and defining their jurisdiction, &c. (2 R. S. p. 449), it is provided that the number of justices in each *township* shall be regulated by the board of commissioners; that vacancies shall be filled at the *township* election next preceding the time when the vacancy will occur; that their jurisdiction in civil

May Term, 1858.

MILLS
v.
THE STATE.

cases shall, unless otherwise provided by law, be limited to *their townships* respectively; and that if they absent themselves from the township for more than thirty days they shall deposit their dockets, &c., with another justice.

From these several provisions it seems to us clear, that a justice of the peace is not a state or county officer, within the meaning of the law. He is elected by the people of a *township*, at a *township* election, under a law providing for the election of township officers. His jurisdiction is confined, ordinarily, to his township, and we think, under the constitution, he is required to reside and keep his office in the township in which he is elected, and therefore we think he is a *township* officer, as contra-distinguished from a state or county officer.

The Court below, in our opinion, had jurisdiction over the subject-matter of the action.

The other objection to the proceedings, however, we think is well taken. The summons issued upon a mere *præcipe*, as was the old practice, without any complaint being filed. The suit was commenced after the taking effect of the revision of 1852. By that code (2 R. S. p. 35, § 34), it is provided that " A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons," &c.

We think that, under the statutory provision, the filing of a complaint is a necessary pre-requisite to the issuing of a summons, and that a summons issued before a complaint is filed, is issued without authority of law, and void.

The error might probably be waived by the appearance of the defendants to the action, without any motion to set aside or quash the summons; as, indeed, the issuing of a summons at all might be waived; but we do not think the appearance of the defendants below, after judgment by default had been entered against them, and making an unsuccessful motion to set aside the default, will operate as a waiver of the error.

*Per Curiam.*—The judgment is reversed at the cost of

the relators, and the cause remanded, with instructions to the Court below to dispose of the case in a manner not inconsistent with this opinion.

N. R. *Lindsay* and T. J. *Harrison*, for the appellants.
H. A. *Brouse* and H. P. *Biddle*, for the state.