STULL BROTHERS V. THOMAS POWELL ET AL.

FILED OCTOBER 21, 1903. No. 12,978.

1. **Parties: JOINDER.** To authorize a joinder of parties as defendants, they must be under a joint liability or must be claiming some right in the subject matter of the action.

2. **Summons to Another County.** To authorize summons to another county in a merely personal action for money, there must be an actual right to join the resident and nonresident defendants.

3. **Defenses: JOINDER.** A nonresident defendant may join a plea to the merits with a plea to the jurisdiction, where the facts as to the latter are not apparent on the face of the record.

4. ———: JURISDICTION: WAIVER. Where the question of jurisdiction is thus litigated, the nonresident defendant does not, by appealing from a county court's adverse decision, waive his plea to the jurisdiction.

5. ———: ———: RECORD. Where defendant's plea to the jurisdiction only inferentially alleges a service of summons in another county, the facts of service appearing in the record will be considered, when his pleading is attacked for the first time in this court.

ERROR to the district court for Hamilton county: SAMUEL H. SORNBORGER, JUDGE. Reversed.

*Stull Brothers, Claude C. Flansburg* and *Richard O. Williams,* for plaintiffs in error.

*Hainer & Smith, contra.*

HASTINGS, C.

The main question in this case is as to venue and jurisdiction. In November, 1900, Thomas Powell filed in the county court of Hamilton county a petition against Farley & Burt and Stull Brothers, alleging that the latter were an unincorporated company formed to carry on a loan brokerage business in Nebraska and having its place of business in Omaha, and the former a like company of Aurora, Hamilton county, Nebraska, and that they were "cooperating together" in making a $4,000 loan to Powell; that in November, 1899, the latter applied to Farley & Burt, at Aurora, for a loan of $4,000 on 320 acres of Hamilton county land, on which were already two mortgages, and one of which Stull Brothers had negotiated and had the management of; that Burt & Farley forwarded the application to Stull Brothers, who accepted it, and note, coupons and mortgage were made out by Powell and delivered to Farley & Burt, and by them forwarded to Omaha with abstract of title. Defendants were to make the loan for a commission of $100 and were to take up the existing mortgages; that these amounted to $1,524.25 and $1,610 respectively, leaving still due Powell $765.25, which amount the defendants have wholly failed and refused to pay. Judgment is asked for $765.25 and seven per cent. interest from January 1, 1900. Service of summons was waived by Farley & Burt, and service was had upon Stull Brothers at their usual place of business in Omaha. The two firms answered separately, Farley & Burt putting in a cross-petition for $40, their share of the commission. This last was dismissed by the county court, but a finding and judgment for plaintiff in the sum of $849.50 was entered against all defendants.

Farley & Burt seem to have filed an appeal bond. If Stull Brothers appealed, the record does not show it. Apparently they did, as they appeared in district court, where plaintiff Powell filed substantially the same petition, alleging that defendants "cooperated together" in making the loan, the payments that were to be made out of it, and that there were $765.25 and interest still due plaintiff.

Stull Brothers answered:

(1) That plaintiff was not the real party in interest, but Farley & Burt who were the instigators of the suit; (2) that there was no jurisdiction of them in Hamilton county because there was no joint liability with Farley & Burt, who were joined solely to get jurisdiction by means of having a resident defendant.

They deny that they are an association of persons formed for doing business in Nebraska, and deny "co-operating" with Farley & Burt in the loan negotiations with plaintiff. They admit making a loan to plaintiff of $4,000 and deny plaintiff's other allegations. They allege that Farley & Burt's action was as agents for plaintiff; that the papers were received from Farley & Burt, and the full proceeds of the loan, less commission and the two mortgages which were to be paid, were sent to Farley & Burt for plaintiff, and they have held and are holding such proceeds as plaintiff's agents.

Farley & Burt answered, admitting the loan and its terms; that the money was to be paid to plaintiff by Stull Brothers; that Stull Brothers sent a check for $711.25 to be delivered to plaintiff, which he refused, claiming a larger sum. They also set up their claim for $40 as agreed to be paid them by Stull Brothers.

A general denial was filed in reply to both answers.

The cause was tried to the court without a jury, and a finding and judgment entered for $893 for Powell against all defendants, and the cross-petition was dismissed at Farley & Burt's cost. Stull Brothers filed a motion for new trial, for error in the amount of recovery; that the judgment was contrary to law; the findings contrary to

the evidence and not sustained by it; error in the inclusion of interest on the money offered plaintiff; in finding defendants jointly liable; and error in finding jurisdiction in Hamilton county over Stull Brothers in this action.

The motion was overruled; and Stull Brothers bring error to this court, and urge that there was no joint liability shown; that, consequently, there was no jurisdiction as against them in Hamilton county; that there was error in allowing interest on the money paid to Farley & Burt and error in the inclusion of the amount of such payment in the judgment.

The first of these complaints is important, only, because of its bearing on the second. The last two turn upon the evidence, according as it is held to show or not show that Farley & Burt were agents of plaintiff and not of Stull Brothers in the transactions.

It is clear that plaintiff's rights are upon a contract by the defendants to loan him $4,000 or procure such a loan for him; and the action is for a failure to pay him the proceeds of the loan as agreed. There is no specific fund of money to which plaintiff's right is alleged to be denied. There is no plea of any conversion of the notes and mortgage and no statement of facts showing such conversion. The allegation is simply of a failure on defendants' part to pay to Powell an agreed sum of money. The allegations of the petition are somewhat vague but, on a liberal construction and after judgment, should be taken as stating a joint agreement of all defendants to procure the $4,000 loan. In that situation, suit, of course, might be instituted in any county where service of summons could be made on any party to the agreement. Code, section 60. The right to maintain it, however, would depend upon plaintiff's really having a right to recover from the resident defendants, jointly with the others, as liable upon the contract to furnish the loan.

In *Barry v. Wachosky*, 57 Neb. 534, three parties, residents of Dakota county, made a joint non-negotiable note to Clarke, a resident of Douglas county. Clarke sold the

note, indorsing on it a guaranty of payment. The makers were held to have rightfully objected to the jurisdiction in Douglas county, and the action was, by this court, dismissed as against them. They were liable, but not liable jointly with Clarke.

In the present case, we have looked in vain through the evidence for any joint ground of liability on the part of Stull Brothers and of Farley & Burt. Stull Brothers were to furnish the money and Stull Brothers were to pay off the existing liens. The trouble arose over their paying ten per cent. interest on $1,000 which was, by the terms of the note taken up, overdue and bearing that rate of interest. Mr. Powell claims to have had an extension agreement at six per cent. per annum and, consequently, that this was an overpayment. He wants his money. Stull Brothers, as a result of these negotiations, seem liable for the money, if they overpaid the interest on the former mortgage. The check to Mr. Powell's order, which they sent to Farley & Burt on January 12, 1900, was too small by about $40, if Mr. Powell is correct as to the terms of his extension agreement.

Farley & Burt may be also liable but, so far as this evidence shows, it must be on some other agreement. There is absolutely nothing to indicate that Stull Brothers or the plaintiff understood that Farley & Burt were joining in the agreement to furnish this money. It seems clear that there was no right to institute an action in Hamilton county against Stull Brothers on this agreement.

It is sought to justify the inclusion of Farley & Burt as defendants by the code provisions that all persons having an interest in the subject of the action and in the relief demanded (sec. 40), or "who is a necessary party to a complete determination or settlement of the questions involved therein" (sec. 41), may be made plaintiffs or, if they will not join, may be made defendants.

These provisions do not aid the plaintiff. Farley & Burt were not claiming any interest in his recovery from Stull Brothers. Their participation was in no way required to

determine whether or not Stull Brothers had carried out the agreement which the latter had confessedly made with plaintiff. To that agreement, as before stated, Farley & Burt nowhere appear as parties. They are therefore not necessary parties to a settlement of the questions involved in an action upon it. The fact that one of these firms might, if sued separately, endeavor to throw the blame on the other, does not warrant any joinder of them. Torts or contracts, to give rise to a joinder of defendants, must themselves be, at least, so far joint as to give to all the parties rights in the same subject matter. It does not appear that Farley & Burt had or claimed to have any rights in this money which plaintiff sued for. If they are liable for it, it is not by any joint agreement with Stull Brothers.

It is urged that the answer does not show that Stull Brothers were not properly served in Hamilton county, nor even that they were not residents there. But the plaintiff's petition supplies the fact of Stull Brothers' residence in Omaha, and the county judge's transcript shows service of summons on them in Douglas county. The answer alleges that there was no joint liability with Farley & Burt, and that for this reason there was no jurisdiction. We hardly think that, after trying this issue without objection, the plaintiff can say that the facts on which the attack on the jurisdiction is based are not disclosed by the answer, in connection with the record and his petition.

It is also urged that, in taking the appeal, objections to jurisdiction were waived. But assuming that a joint liability is alleged in the petition against resident and non-resident defendants, the lack of jurisdiction could only appear on a trial and a showing that the liability in fact was not joint. The question of jurisdiction must be put in issue and tried with the other issues, if at all. Doubtless, if the objection had been evident on the face of the record, defendants must raise it before pleading to the merits. But it is a settled doctrine of this court in such cases that, after raising it and having it settled against him, he may safely plead it with defenses to the merits.

*Barry v. Wachosky*, 57 Neb. 534. This is held to result from the provision of the code which permits a defendant to state in an answer all the defenses which he has (sec. 100). It would seem clear that defendants had the right to set up this matter and have it passed upon. They had the right to vacate the determination of it in the county court by an appeal, and bring it up again in the district court; and, when it is held against them there, they have the right to come here upon error without waiving the objection. *Hurlburt v. Palmer*, 39 Neb. 158. The case of *Pearson v. Kansas Mfg. Co.*, 14 Neb. 211, is expressly overruled in *Barry v. Wachosky*, 57 Neb. 534.

The answer, with the petition, disclosed a lack of jurisdiction, which the proof sustained. It is true that there is no allegation, in terms, that service was made on Stull Brothers in Omaha, but it is implied in the answer, and the record so shows. It is merely alleged that there was no joint agreement. It also is alleged that for that reason there was no jurisdiction, and that Farley & Burt were made parties solely to obtain resident defendants, and so jurisdiction of the persons of Stull Brothers. The petition shows that the latter are residents of Omaha. The county judge's transcript showed service of summons on them there. Whatever may be held generally as to the necessity of pleading the facts as to service of process, in assailing the jurisdiction, it would seem that, where the pleading calls attention to and impliedly asserts a defect that the record shows, it should be upheld when attacked in another court. Who constituted the firm of Stull Brothers is nowhere alleged. Their place of business is alleged at Omaha. Service on them as a firm could only be made there. Code, section 25. The court will look to the process issued in construing pleading. *Supervisors of Kewaunee Co. v. Decker*, 30 Wis. 624. With some hesitation, we have concluded that this answer may be considered as raising the question of right to serve process in Douglas county, and that the facts of service appearing in the record may be considered in construing the pleadings.

The question of the measure of damages depends, as before stated, upon the evidence as to the real relationship of the three parties to each other. As we have concluded that there was no right to maintain the action in Hamilton county against Stull Brothers, there seems no reason to discuss that question now. In case of another action, properly brought, the evidence might be quite different.

It is recommended that the judgment of the district court be reversed, as to Stull Brothers, and the action as against them dismissed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the action, as to Stull Brothers, dismissed.

REVERSED.