LEVI S. SMITH, APPELLEE, V. ATLAS REFINING CORPORATION
ET AL., APPELLANTS.

FILED APRIL 10, 1924. No. 22704.

1. **Pleading:** JURISDICTIONAL DEFECT. Where a jurisdictional defect does not appear upon the record but must be proved, it is proper to plead the lack of jurisdiction in the answer, and by so pleading the defense of lack of jurisdiction is preserved.

2.  Process:  SUMMONS  TO  ANOTHER  COUNTY.  "To  authorize
    summons  to  another  county  in  a  merely  personal  action  for
    money, there  must  be  an  actual  right  to  join  the  resident  and
    nonresident defendants."  *Stull Bros. v. Powell,* 70 Neb. 152.

APPEAL from the district court for Adams county: WIL-
LIAM A. DILWORTH, JUDGE.  *Reversed and dismissed.*

*H. A. Reese, T. S. Allen* and *Stiner & Boslaugh,* for ap-
pellants.

*Bruckman & Paulson, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ.,
and ELDRED, District Judge.

MORRISSEY, C. J.

This case comes here on appeal from the district court
for Adams county.  Plaintiff alleges that he was induced to
make a loan of $1,000 to the Atlas Refining Corporation
upon the representations of one Elmer E. Bevard, the treas-
urer of the corporation, and John G. Cole, whom he alleges
was an agent for defendant corporation, and charges a
conspiracy between Alvin H. Armstrong, Samuel Chamber-
lain and Elmer E. Bevard, the officers and directors of
defendant corporation, and John G. Cole, alleged agent of
defendant corporation, to cheat and defraud plaintiff.  De-
fendant Cole answered denying that he was in any way
connected with the Atlas Refining Corporation, and entered
a general denial.  The other defendants in their answer ob-
ject to the jurisdiction of the court and deny that Cole
was at any time the agent or representative of the Atlas
Refining Corporation.  The jury found for plaintiff and
against each defendant for the full amount of the note
which was given as evidence of the loan, and interest there-
on.

It appears that plaintiff and defendant Cole came to Lin-
coln at the request of Bevard, and that each arranged to
loan $1,000 to the corporation under an agreement that
they should receive the corporation's notes for that amount
and in addition should receive a bonus of $500 in stock in

the corporation for every $1,000 loaned, as soon as a permit could be secured to issue stock within this state. The permit was never obtained, the stock was never delivered, nor was the note paid.

At the close of plaintiff's evidence in chief, each defendant moved for a directed verdict and each motion was overruled.

The record nowhere discloses that Cole was in fact the agent of defendant corporation or that he represented it in any capacity or that he had conspired with other defendants to cheat or defraud plaintiff or that he had said anything other than what one friend might say to another in an ordinary conversation. Thus, at the time the motion for a directed verdict was made on behalf of defendant Cole, the record shows that he was not a proper party to the action, and it was error not to sustain the motion and dismiss the action as against him.

The action was brought against Cole in Adams county, and thus it was sought to acquire jurisdiction over defendants, Atlas Refining Corporation and Armstrong, Bevard and Chamberlain under section 8570, Comp. St. 1922, which provides that, where an action is rightly brought in one county, summons may be issued to any other county against other defendants.

In the answer of defendants, other than Cole, the jurisdiction of the court is pleaded as a defense and preserved in the motion for new trial. Where a jurisdictional defect does not appear upon the record but must be proved, it is proper to plead the lack of jurisdiction in the answer, and by so pleading the defense of lack of jurisdiction is preserved. *Stull Bros. v. Powell,* 70 Neb. 152.

The right of plaintiff to maintain an action against the nonresident defendants in the district court for Adams county was dependent upon plaintiff's right to recover from the resident defendant Cole, for, as said in *Stull Bros. v. Powell, supra:* "To authorize summons to another county in a merely personal action for money, there must be an actual right to join the resident and nonresident defendants."

Since no liability on the part of Cole was proved, the court had no jurisdiction to render judgment against the other defendants. *Barry v. Wachosky,* 57 Neb. 534.

The judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.

Note—See Pleading, 31 Cyc. p. 166; Process, 32 Cyc. p. 427.