FIRST BANK OF ULYSSES, APPELLEE, V. MERRITT C. WARREN ET AL., APPELLANTS.

FILED APRIL 16, 1925. No. 23069.

1. **Process:** SUMMONS TO ANOTHER COUNTY. In an action for a money judgment, a summons cannot be lawfully sent to a county other than the one where the action is pending, unless there is a joint demand against the non-resident defendant and the defendant summoned where the action was commenced.
2. **Pleading.** Petition, the substance of which is set out in the opinion, examined, and *held* to state a cause of action only against the maker of the notes sued on, and that as to other defendants no joint liability is alleged.

APPEAL from the district court for Butler county: GEORGE F. CORCORAN, JUDGE. *Reversed and dismissed.*

*P. A. Tomek* and *Roper & Fuller,* for appellants.

*Coufal & Shaw* and *Thomas, Vail & Stoner, contra.*

Heard befor MORRISSEY, C. J., DAY, THOMPSON and EVANS, JJ.

DAY, J.

In an action by the First Bank of Ulysses against Willard B. Warren *et al.,* based upon 13 promissory notes, a judgment was entered against Willard B. Warren for $25,664.39 and certain attached property ordered sold. A personal judgment was also entered against Merritt C. Warren and Henry Warren for $10,400. The two latter defendants have appealed.

The action was commenced in the district court for Butler county, the residence of Willard B. Warren, and he was served with a summons in that county. Merritt C. Warren resided in Douglas county and was served with summons there. Henry Warren was served with summons in Buffalo county, where he resided.

The appellants, each for himself, filed a special appearance objecting to the jurisdiction of the court over his person upon the ground that the petition disclosed that there was no joint liability of the appellants with the defendant Willard B. Warren. The special appearances were overruled and appellants filed answers, preserving in their respective answers the objections to the jurisdiction of the court.

Appellants now urge that the court erred in overruling the special appearances and objections to the jurisdiction of the court. The rule is well settled in this state that in an action for a money judgment a summons cannot be lawfully sent to a county other than the one where the action is pending, unless there is a joint demand against the nonresident defendant and the defendant summoned in the

county where the action was commenced. *Barry v. Wachosky,* 57 Neb. 534; *Seiver v. Union P. R. Co.,* 68 Neb. 91; *Stull Bros. v. Powell,* 70 Neb. 152; *Ayres v. West,* 86 Neb. 297.

Does the petition state a joint demand against Willard B. Warren and the appellants? A determination of this question involves an examination of the petition.

The petition alleges in substance that Willard B. Warren executed and delivered to the plaintiff certain promissory notes, copies of which are set out in the petition; that prior to the execution of the notes Willard B. Warren was the owner of a one-fifth interest in a farm in Butler county; that he owned a large amount of personal property in said county; that he had a one-half interest in a quarter section of land in Buffalo county, subject to mortgage, and that he had a one-half interest in a farm in the state of Wyoming; that the defendants conspired and confederated to cheat and defraud the plaintiff and to hinder and delay it in the collection of its debts; that in pursuance of the conspiracy Willard B. Warren executed a mortgage upon his interest in the lands in Butler county to one Frank C. Burkhart; that he mortgaged all of his personal property to Carl C. Wilson and that he conveyed by deed his interest in the Buffalo county land and the land in Wyoming to Henry Warren; that Merritt C. Warren, under the pretense that there was a wrong description of an unrecorded mortgage held by the plaintiff upon the Wyoming land, secured the possession of the mortgage for the purpose of making a correction in the description, which mortgage he failed to return. The prayer of the petition was for a money judgment against Willard B. Warren and for "like judgments" against all the other defendants. An injunction was also prayed enjoining the defendants against any further conveyance of the property owned by Willard B. Warren. Attachments were issued and levied upon the lands in Butler county and Buffalo county, and while it is not entirely clear that the attachment was levied upon the personal property, the final judgment declared it to be a lien upon

the personal property, and it, as well as the attached real estate, was ordered sold to satisfy the judgment. It will be noted that there is no allegation or prayer that any of the alleged fraudulent conveyances be canceled, nor is there a prayer to impress a trust upon any of the property as belonging to Willard B. Warren. The action, as we view it, is a law action against Willard B. Warren to recover a money judgment based upon the promissory notes sued on.

The allegations of the petition with respect to a conspiracy are merely incidental to the main purposes of the action. An action on contract as against one defendant cannot be joined with an action on tort against several defendants. This is elementary. We will hardly presume that it was the intention of the pleader to improperly join causes of action. Besides this it is extremely doubtful whether the petition states a cause of action based on tort. The plaintiff's cause of action had not been reduced to judgment. The weight of authority supports the view that a conspiracy to aid a debtor in removing or concealing his property so that it may not be reached by legal process is not actionable in favor of a general creditor. Authorities sustaining this view may be found in *Fairbanks, Morse & Co. v. Welshans & Co.*, 55 Neb. 362, and *Field v. Siegel*, 99 Wis. 605, 47 L. R. A. 433, and note.

It is the contention of the appellee that appellants by answering to the merits after the special appearances to the jurisdiction had been overruled, thereby entered a general appearance in the case. Cases are cited in this court which sustain this view. Since the briefs have been filed, however, this court has recently had occasion to examine the effect of answering to the merits, after a special appearance to the jurisdiction has been overruled, and has announced the rule that when the objections to the jurisdiction are preserved in the answer the defendant does not by answering to the merits thereby waive the right to have the question of jurisdiction determined on appeal. *Gaines v. Warrick, ante*, p. 235; *Adams v. Guthrie & Co., ante*, p. 192.

Skinner Mfg. Co. v. Carrier Engineering Corporation.

Appellants also urge that the testimony is not sufficient to support a judgment against them. As we have determined that the court had no jurisdiction over the persons of the appellants, it seems unnecessary to discuss the merits of the case. For the reasons stated the judgment of the district court, in so far as it applies to the appellants, is reversed, and, as to them, the cause is dismissed.

REVERSED AND DISMISSED.

Note—See Process, 32 Cyc. 427.