HENRY F. PETERS, APPELLEE, v. FRED L. POTHAST, APPELLANT.

FILED JULY 11, 1930. No. 26899.

*Jack & Vette, Clifford L. Rein* and *Sanden, Anderson, Laughlin & Gradwohl,* for appellant.

*Brown & Dibble, contra.*

Heard before GOSS, C. J., DEAN, GOOD, and EBERLY, JJ., and RHOADES, SPEAR, and TEWELL, District Judges.

RHOADES, District Judge.

This action is one to recover damages for alleged fraudulent representations of defendants in the exchange of real estate with the plaintiff. Ira M. Hadley, Fred L. Pothast, Dick Reil, and Farmers State Bank of Pickrell were named as defendants. The trial court sustained defendant Reil's demurrer to the petition and dismissed the action as to him, directed a verdict and dismissed the action as to defendant Farmers State Bank of Pickrell; and the issues presented by the answer of defendants Ira M. Hadley and Fred L. Pothast were submitted to a jury, who returned a verdict in favor of plaintiff and against the defendant Fred L. Pothast in the sum of $1,250, and returned no verdict either in favor of or against the defendant Ira M. Hadley. Judgment was entered on the verdict in favor of the plaintiff and against the defendant Fred L. Pothast on October 11, 1928, and on November 17, 1928, the trial court dismissed the action as to the defendant Ira M. Hadley. All of the judments except that against defendant Fred L. Pothast have become final, and the only party appealing is the defendant and appellant Fred L. Pothast.

Various assignments of errors have been urged, but as the case turns upon the question of jurisdiction that one alone will be considered.

This action was instituted in the district court for Lancaster county, the residence of defendant Ira M. Hadley, where personal service was had upon him. Summons was thereupon issued out of Lancaster county and served in Gage county upon defendant Fred L. Pothast, the county of his residence. The defendant Fred L. Pothast did not appear by special appearance challenging the jurisdiction of the court over his person, but filed his answer wherein, among other defenses interposed, he pleads in substance that the defendant Ira M. Hadley is not a real defendant in said action, but was made such for the sole and only purpose of obtaining jurisdiction of the defendant in Lancaster county. Appellant contends that, whereas the district court for Lancaster county had jurisdiction over the Gage county defendant only in the event that a joint liability existed between Hadley, the resident defendant, and the Gage county defendant, and the jury not finding against the resident defendant and the trial court dismissing the action as against him, conclusively establishes that no joint liability existed and the judgment against appellant cannot stand for the reason that the court had no jurisdiction over his person. We are of the opinion that the point is well taken.

The jurisdictional question involved did not appear on the face of the record and is one which would not ordinarily be reached by a special appearance. If the objection to the jurisdiction had been evident on the face of the record, defendant should have raised it before pleading to the merits. *Stull Bros. v. Powell*, 70 Neb. 152. But it is the settled rule of this court that, where a joint liability is alleged in the petition against a resident and nonresident defendant, it is proper to raise the question of jurisdiction by answer, and where it appears upon the hearing that there is no joint liability jurisdiction is denied.

In *Vian v. Hilberg*, 111 Neb. 232, this court ruled that, where the facts are not apparent upon the face of the

record, the right of the objecting defendant to raise the question of jurisdiction over his person is not waived by failure to file a special appearance, but is properly raised by answer. This rule is likewise announced in *Stull Bros. v. Powell, supra, Bailey v. Chilton,* 106 Neb. 795, and *McNeny v. Campbell,* 81 Neb. 754.

In *Gaines v. Warrick,* 113 Neb. 235, this court held: "If the lack of jurisdiction over the person of defendant does or does not appear on the face of the record, it may be raised by special appearance, and error, if any, committed in the overruling thereof is not waived by answering over, where the objection is pleaded in the answer."

In *Smith v. Atlas Refining Corporation,* 112 Neb. 6, it was held: "Where a jurisdictional defect does not appear upon the record but must be proved, it is proper to plead the lack of jurisdiction in the answer, and by so pleading the defense of lack of jurisdiction is preserved."

In the case at bar the jury returned a verdict against the defendant Fred L. Pothast. The verdict was silent as to the defendant Ira M. Hadley. It was received by the court without objections or questions by the parties. Subsequently the trial court dismissed the action as to defendant Hadley. Of course, it goes without saying that the court should not have received the verdict without correction; but it was received without objection from counsel, and we must presume that it was satisfactory to all concerned. The presumption is that the jury found in favor of the defendant not referred to in the verdict. *Cox v. Ellsworth,* 97 Neb. 392. Since this is true, the only remaining question is whether or not upon the return of the verdict which negatives a joint liability defendant Pothast is entitled to a dismissal. We think he is. Defendant Pothast, who, as we have seen, was not a resident of the county in which this action was brought and was not served with process there, filed a separate answer in which he interposed a plea to the jurisdiction of the court over his person. The principal question is that of jurisdiction of the court to render judgment against him. The action is purely *in personam* and for the recovery of money only,

and does not fall within any exception to the general rule formulated in the Code, which requires an action to be brought in the county in which the defendant, or some one of the defendants, resides, or may be summonded. In *McKibbin v. Day*, 71 Neb. 280, it is said:

"To authorize summons to another county in personal actions for the recovery of money only, there must be an actual right to join the resident and nonresident defendants. In the body of the opinion (*Stull Bros. v. Powell*, 70 Neb. 152) it is said, in effect, that the right to maintain an action of that character against the nonresidents served in another county, would depend upon the plaintiff really having a right to recover from the resident defendants jointly with the others."

In the case at bar, that the plaintiff did not "really" have such a right seems to be established by the verdict of the jury. It necessarily follows that, the plaintiff having no cause of action against the resident defendant, no joint liability existed, and a summons cannot be lawfully sent to a county other than the one where the action is pending, unless there is a joint demand against the nonresident defendant and the defendant summoned where the action was commenced. *First Bank of Ulysses v. Warren*, 113 Neb. 361. The service of process upon appellant in Gage county was unwarranted, and the district court for Lancaster county acquired no jurisdiction over his person, and should have dismissed the action as against him, when it was determined that the plaintiff was not entitled to recover from the resident defendant Hadley.

The rule herein announced is not in conflict with the rule of this court that, where a defendant appears specially objecting to the jurisdiction of the court over his person and by such appearance or motion invokes the judgment of the court in any manner, upon any question, except that of the power of the court to hear and decide the controversy, such appearance is general.

This court, in *Maxwell v. Maxwell*, 106 Neb. 689, held that, where a defendant objecting to the jurisdiction of the court over his person pleads matters amounting to a

demurrer to the petition, his appearance is general and the court has jurisdiction of his person. Under such condition of the record a defendant is deemed to have entered a general appearance and, in that event, reserving the objection in his answer is of no avail.

In the case at bar appellant did not file a special appearance, nor did he enter a general appearance, but interposed his objection to the jurisdiction of the court over his person in his answer, based upon the fact that there was no joint liability of the resident defendant, and the trial court having dismissed the action against the resident defendant, and appellant not having theretofore entered a general appearance, such judgment of dismissal against the resident defendant having become final and not subject to review by this court, it necessarily follows that no joint liability existed.

For the reasons given, it is our opinion that the district court for Lancaster county acquired no jurisdiction over the person of Fred L. Pothast, and the judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.