CLARENCE A. SIMON ET AL., APPELLANTS, V. KATHRYN SIMON ET AL., APPELLEES.

28 N. W. 2d 393

Filed July 3, 1947.    No. 32221.

*Lee Kelligar* and *J. L. Gagnon,* for appellants.

*Gerald M. Mullen, Jean M. Johnson,* and *John C. Mullen,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Plaintiffs appeal from an order of the district court for Richardson County sustaining a demurrer to their second amended petition and dismissing their action. The parties will be herein referred to as they appeared in the lower court.

Clarence A. Simon, administrator of the estate of Leonard E. Simon, deceased, who died intestate on May 16, 1944, and Lucille Alexander and Mary Adele Ruch, daughters of said deceased and heirs at law, brought this action against Kathryn Simon, who was formerly Kathryn De Lair, and Charles De Lair. The purpose of the original action, which was filed on June 16, 1944, was to have the court cancel, set aside, and hold for naught the decree of divorce entered by the district court for Richardson County in the case of Kathryn De Lair v. Charles De Lair and to bar Kathryn Simon from claiming any interest in the estate of Leonard E. Simon, deceased.

The basis for the action is the claim that the defendant Kathryn Simon did not have legal capacity to enter into the contract of marriage with Leonard E. Simon, now deceased, on April 6, 1944, for the reason that she was then the wife of the defendant Charles De Lair, whom she had married on September 4, 1931. This latter

claim is based on the theory that the court did not have jurisdiction of the person of Charles De Lair in the divorce action brought in the district court for Richardson County on July 25, 1934, by Kathryn De Lair, in which the decree of divorce was entered on September 12, 1934, because the service made on Charles De Lair was not according to the requirements of section 42-305, R. S. 1943. The original return on the summons shows that it was served on Charles De Lair "by * * * leaving at his usual place of residence, a true and certified copy" thereof.

After our opinion and mandate in the case of De Lair v. De Lair, 146 Neb. 771, 21 N. W. 2d 498, and the trial court's order, entered pursuant thereto, amending the return to show that service was had on Charles De Lair in person, the plaintiffs filed their second amended petition on August 7, 1946. Therein they alleged and prayed the same as hereinbefore set forth and in addition thereto as follows: That the defendants, without notice to the plaintiffs and by means of fraud and perjury, induced this and the trial court to order the return to be amended to show that service was had on the defendant Charles De Lair by delivering a copy of the summons to him in person and praying, because of such fraud and perjury being used to obtain it, that the trial court's order of May 29, 1946, ordering the return to be so amended, be canceled, set aside, and held for naught insofar as it affects these plaintiffs.

Section 42-305, R. S. 1943, is a special statute relating to process in divorce actions and is controlling therein. It is in part as follows: "No person shall be entitled to a divorce unless the defendant shall have been personally served with process if within this state, or with personal notice duly approved and appearing of record, if out of this state, or unless the defendant shall have entered an appearance in the case; but if it shall appear to the satisfaction of the court by the affidavit of the petitioner or of his or her attorney that the petitioner

does not know the address or residence of the defendant, and has not been able to ascertain either, after reasonable and due inquiry and search continued for three months after the filing of the petition, the court or judge in vacation shall authorize notice by publication of the pendency of the suit for divorce, to be given in a manner as provided in other cases under the code of civil procedure; * * * provided, further, personal service out of the state as herein provided for shall not be had without the plaintiff or his or her attorney filing an affidavit showing that the defendant is a nonresident of this state, and that personal service cannot be had on the defendant in this state."

It is, of course, necessary in order for a court to render a valid decree against a defendant in a divorce action, that it have jurisdiction of his person in a manner provided by this statute and, in the absence thereof, such decree is void and subject to attack.

Therefore, at the very threshold of this case, we are met with the question of whether service by leaving a copy of the summons at the usual place of residence of the defendant is sufficient?

Most courts hold that where, in judicial procedure or official act, a notice or summons is required to be served "in person" or "personally" that such notice or summons must be handed or delivered to the party individually. In Gillian v. McDowall, 66 Neb. 814, 92 N. W. 991, under section 148, Code of Civil Procedure, R. S. 1866, which provides, " * * * and a copy thereof must be served personally upon the defendant," we held: "Unless a defendant sued by the initial letters of his name under section 148, Code of Civil Procedure, is served personally or makes an appearance in the case, the judgment or decree rendered therein is not binding upon him."

Likewise courts hold that where, in judicial procedure or official act, a notice or summons is required to be personally served, as the statute here requires, that such notice or summons must be handed or delivered

to the party individually. As stated in Brooks v. Orchard Land Co., 21 Idaho 212, 121 P. 101: "We do not think that defendant is 'personally served' within the meaning of said section of the statute where the process is served by leaving a copy thereof at the usual place of abode of the defendant."

However, other courts have come to a contrary view as stated in Dunkle v. Elston, 71 Ind. 585: " * * * the phrase 'personally served,' as used in this act, has reference to personal service as distinguished from publication, and in this sense service by copy left at the last and usual place of residence is personal service, * * * ."

The courts that extend this language to include what is referred to as "substituted service" often do so for the purpose of making the act sufficiently comprehensive to avoid situations whereby a defendant, in an action covered by the act, could avoid service.

In Atchison County v. Challiss, 65 Kan. 179, 69 P. 173, it was held: "By the language, 'thereupon a summons shall be issued as in other cases, and served upon the defendants personally, if residents of the state,' employed in section 1, chapter 392, Laws of 1901 (Gen. Stat. 1901, § 7718), reference is had to personal service upon resident defendants as contradistinguished from constructive service by publication against nonresident defendants. Service by leaving a copy of the summons at the usual place of residence of a defendant is personal service, within the meaning and intent of the act, and valid." Therein the court went on to say: "It clearly was not the intention of the legislature by the language employed to preclude from the operation of the act defendant citizens and residents of the state, temporarily absent therefrom. Yet such would be its effect if it should be held that the personal service required is service upon the defendant in person, for such personal service, in the nature of things, could not be made outside the state, nor could service by publication be obtained, because such constructive service is only pro-

vided in case of nonresidents of the state."

As stated in Westfall v. Farwell, 13 Wis. 563, which involved personal service of a notice to an endorser:

"It must also be conceded that the phrase 'personal service' is one frequently occurring in the law, and that in its strictest sense, it implies an actual delivery of the notice to be served to the person for whom it is intended. But conceding all this, we still think it was not used in that sense in the statute.

"In the first place, it would be a very remarkable provision if it was so used. It would be impossible to notify any indorser who was away from home at the time service was required. Any indorser desiring to discharge himself would only have to leave at about the time the notes fell due. It cannot be that the legislature intended to produce this result."

We most naturally assume that the Legislature intended to enact a law that would completely cover every situation and will give it that construction, unless the language used prevents us from so doing.

It will be noted that in order to obtain the right to have personal service out of the state the plaintiff or his attorney must file an affidavit showing the defendant is a nonresident of the state and that personal service cannot be had on him in the state. Likewise, if service by publication is desired, an affidavit must be filed and the court satisfied that the petitioner does not know the address or residence of the defendant and has not been able to ascertain either.

Thus, if a construction such as plaintiffs here contend for, that is, that the defendant must be served in person, is to be given to the act then a resident defendant, if he does not choose to enter his appearance, can avoid process by either absenting himself from the state or secreting himself within, and there would be no method available to bring him into court.

However, it will be observed that service, other than that the defendant be personally served, if within this

state, or enters his appearance in the case, depends upon his address or residence and not his whereabouts, thus clearly indicating that if his residence were known that service could be made there which would be adequate. We think such a construction gives the act the purpose for which it was enacted, that is, to provide for process in all divorce actions, and will carry out the intention of the Legislature.

The case of Mudge v. Mudge, 111 Neb. 403, 196 N. W. 706, was an action to obtain separate maintenance for the wife and minor daughter. Therein service was made by leaving a copy of the summons at the usual place of residence of the defendant and the question of the sufficiency of the service was discussed and it was held: "Considering the entire record, we are of the view that at the time of the service of the summons the usual place of residence of the defendant was the apartment occupied by him in the St. Regis apartment house, and that the manner of the service of the summons conferred jurisdiction on the court." However, the question here raised was not presented by the parties in their briefs nor discussed in the opinion and the case is therefore not authority on the question.

In view of our holding herein the other questions raised are not material and will not be discussed.

For reasons already stated we find the judgment of the lower court to be correct and that it should be affirmed.

AFFIRMED.