MARTHA DEWEESE IVALDY, APPELLEE, V. FERNAND PHILIPPE IVALDY, APPELLANT.

59 N. W. 2d 373

Filed June 19, 1953. No. 33330.

*Jack M. Pace* and *Dwight C. Perkins,* for appellant.

*Field & Ricketts* and *Archer M. Bunting,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is a divorce proceeding instituted in the district court for Lancaster County on February 19, 1952, by Martha Deweese Ivaldy against Fernand Philippe Ivaldy. At the time action was instituted plaintiff caused to be filed an affidavit to the effect that defendant was a nonresident of the State of Nebraska and that personal service of summons could not be had on him in this state. Pursuant to authorization by the sheriff of Lancaster County to do so, one Thomas R. Webb of 52 Avenue Des Champs Elysees, Paris, France, made service on the defendant on March 3, 1952, by leaving a copy of the summons at the residence of defendant at 2 rue Georges de Porto Riche, Paris, France. On April 16, 1952, no appearance having been made by defendant, a decree was entered by the district court for Lancaster County awarding the plaintiff an absolute divorce and granting her the custody of the parties' four minor children.

On April 24, 1952, defendant appeared specially and objected to the jurisdiction of the court over his person and, based thereon, moved the court to quash the pretended service of process upon him. This special appearance was based on three propositions: First, that the service made did not comply with the requirements of the statutes of Nebraska; second, that 2 rue Georges de Porto Riche, Paris, France, was not, on March 3, 1952, defendant's residence; and third, the service actually made by Thomas R. Webb at that address did not constitute leaving a copy of the summons thereat within the meaning of the statute. The special appearance and motion to quash was overruled on November 5, 1952. Motion to vacate the above order and grant a new trial was filed on November 12, 1952. This motion was overruled on November 15, 1952. Appeal was taken from that order on December 3, 1952.

The first question presented is, what did the Nebraska statutes require in regard to service on nonresidents in divorce actions at the time service was made on March 3, 1952? In Simon v. Simon, 148 Neb. 620, 28 N. W. 2d 393, 172 A. L. R. 517, released by this court on July 3, 1947, we said that section 42-305, R. S. 1943, was a special statute relating to process in divorce actions and controlling therein, and that service by leaving a copy of the summons at the usual place of residence of a defendant was sufficient within the meaning and intent thereof to give the court jurisdiction of the party so served.

We recognized in the opinion that: "Most courts hold that where, in judicial procedure or official act, a notice or summons is required to be served 'in person' or 'personally' that such notice or summons must be handed or delivered to the party individually."

However, we came to the conclusion that we did for the following reason:

"It will be noted that in order to obtain the right to have personal service out of the state the plaintiff or

his attorney must file an affidavit showing the defendant is a nonresident of the state and that personal service cannot be had on him in the state. Likewise, if service by publication is desired, an affidavit must be filed and the court satisfied that the petitioner does not know the address or residence of the defendant and has not been able to ascertain either.

"Thus, if a construction such as plaintiffs' here contend for, that is, that the defendant must be served in person, is to be given to the act then a resident defendant, if he does not choose to enter his appearance, can avoid process by either absenting himself from the state or secreting himself within, and there would be no method available to bring him into court.

"However, it will be observed that service, other than that the defendant be personally served, if within this state, or enters his appearance in the case, depends upon his address or residence and not his whereabouts, thus clearly indicating that if his residence were known that service could be made there which would be adequate. We think such a construction gives the act the purpose for which it was enacted, that is, to provide for process in all divorce actions, and will carry out the intention of the Legislature."

Thereafter the Judicial Council proposed a bill that was submitted to the 1949 Legislature and identified by it as L. B. 153. Accompanying this bill, when the Judiciary Committee of the Legislature reported it for general file, was the following statement:

"The necessity for this bill arises out of the decision of the Supreme Court in Simon v. Simon, 148 Neb. 620, 28 N. W. 2d 393.

"It was there held that the words 'personally served with process' appearing in section 42-305, R. S. 1943, in an action for divorce, authorized service by leaving a copy of the summons at the usual place of residence of defendant. Otherwise, it was stated, the statute would contain no provision for service on known residents of

the state who were temporarily out of the state or the whereabouts of whom are unknown. To fill in these gaps and permit a construction of the statute that service in person is required where possible to obtain it, a bill is submitted to amend sections 42-305.01 and 42-305.03, R. S. Supp., 1947, to authorize service by personal notice on defendants who are residents of the state but are absent therefrom, and to authorize service by publication on defendants who are residents of the state but the whereabouts of whom cannot be ascertained after reasonable and diligent inquiry and search continued for three months after filing of the petition."

This bill was enacted into law by the 1949 Legislature, Laws 1949, c. 126, p. 333, and contains the following provisions to fill these gaps:

"42-305.01. If it shall appear to the satisfaction of the court by the affidavit of the plaintiff, or of his attorney, * * * (2) *that the defendant is a resident of this state and plaintiff has not been able to ascertain his whereabouts after reasonable and due inquiry and search continued for three months after the filing of the petition,* the court or judge in vacation shall authorize notice by publication of the pendency of the suit for divorce to be given in the manner provided in section 25-519.

"42-305.03. Personal notice as provided in subsection (2) of section 42-305 shall not be had without the plaintiff or his attorney filing an affidavit showing that the defendant * * * *if a resident of this state that the defendant is absent therefrom,* and that personal service cannot be had on the defendant in this state. Such notice shall be served upon the defendant in person by issuance and delivery of summons in the manner provided in section 25-521." (New provisions italicized.)

Thus it will be seen that the cause for coming to the conclusion that we did in Simon v. Simon, *supra,* no longer exists and there is no reason why the following specific provision of section 42-305, R. R. S. 1943, should not be carried out: "No person shall be entitled to a

divorce unless the defendant shall have either (1) been served with process in person if within this state, (2) been served with personal notice * * * if out of this state, * * *."

As stated in Nelson v. Robinson, 154 Neb. 64, 46 N. W. 2d 892: "Statutes prescribing the manner of service of summons are mandatory and must be strictly pursued. * * * This state has prescribed the manner of service of process by explicit statutory provisions. These provisions are mandatory and must be complied with."

Section 25-521, R. R. S. 1943, referred to in section 42-305.03, R. R. S. 1943, provides for the issuance and delivery of summons in such cases as follows: "* * * in all other cases where the defendants are nonresidents, and the cause of action arose in the state, suit may be brought in the county where the cause of action arose, and personal service of the summons may be made out of the state by the sheriff or some person appointed by him for that purpose. In all cases where service of a summons is made on a person without the state, proof of such service must be made by affidavit, stating the time and manner of service." This section also provides: "Such service shall be made in the same manner as summonses are served on parties residing within this state." This relates, insofar as the subject matter herein involved is concerned, to section 42-305, R. R. S. 1943, which is a special statute relating to process in divorce actions, and not to section 25-508, R. R. S. 1943, which is a general statute relating to service.

In view of the amendments made thereto by the 1949 Legislature the statutory provisions relating to the service of process in divorce actions now require, except where the defendant enters his voluntary appearance or service by publication is authorized, that the defendant must be personally served with summons. Any other type of service is unauthorized and of no force and effect.

This makes it unnecessary to consider the second and third propositions.

However appellee contends that while appellant, in the first instance, appeared solely for the purpose of objecting to the jurisdiction of the court over his person he did, subsequent thereto and before that question had been ruled on, appear generally by his motion filed on October 14, 1952. In this motion appellant set forth that he had a complete defense to the charges made against him by appellee and asked that the decree entered by the court on April 16, 1952, be vacated and a new trial granted so he might be given an opportunity to be heard thereon. In this motion appellant expressly sought to preserve the right to have a final determination of his challenge to the jurisdiction of the court over his person. This challenge he had previously made by special appearance filed April 24, 1952. It should be noted that one of the grounds of his special appearance appeared on the face of the record while the other two required proof.

The rules of this court in this regard are as follows: If the basis for the objection to the jurisdiction is evident on the face of the record it must be raised before pleading to the merits; if the facts upon which the objection to the jurisdiction depend are not apparent upon the face of the record, but must be proved, then the right to raise the question of jurisdiction is not waived by failing to file a special appearance but it may properly be raised for the first time in the answer; however, whether the lack of jurisdiction does or does not appear on the face of the record, it may be raised in the first instance by special appearance and error, if any, committed in any ruling thereon is not waived by subsequently answering if the objection to jurisdiction is preserved by pleading it therein. See, Barry v. Wachosky, 57 Neb. 534, 77 N. W. 1080; Gaines v. Warrick, 113 Neb. 235, 202 N. W. 866; Peters v. Pothast, 120 Neb. 208, 231 N. W. 805; Behr v. Duling, 128 Neb. 860, 260

N. W. 281; Enquist v. Enquist, 146 Neb. 708, 21 N. W. 2d 404.

But such is not the situation here for appellant, while originally making a special appearance only, did, before any ruling was had thereon, appear generally by his motion asking the court to vacate its decree and grant him an opportunity to have the cause heard on its merits.

" 'An appearance is special when its sole purpose is to question the jurisdiction of the court. It is general if the party appearing invokes the power of the court on any question other than that of jurisdiction.' South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank, 45 Neb. 29." Behr v. Duling, *supra.* See, also, Bankers Life Insurance Co. v. Robbins, 59 Neb. 170, 80 N. W. 484; McKillip v. Harvey, 80 Neb. 264, 114 N. W. 155; Maxwell v. Maxwell, 106 Neb. 689, 184 N. W. 227.

In Enquist v. Enquist, *supra,* we said: "When one has filed a special appearance pro se, challenging the jurisdiction of the court, but remains in court and takes part in the trial, he thereby waives the failure of the court to rule on his special appearance, and has made a general appearance." The same would be true of any general appearance made under a similar situation. We find appellant appeared generally by his motion filed on October 14, 1952.

Appellant contends that even if the motion he filed constituted a general appearance it would only confer jurisdiction in all proceedings had subsequent thereto and would not relate back and validate what was, in fact, a void decree.

We think the correct rule is stated in Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708, wherein the court, after holding "The statute was mandatory, and a failure to comply strictly therewith operated to confer no jurisdiction over the person of the defendant," said: "The fact that defendant has by this motion made a general appearance in the action, which she did by asking to be permitted to answer and proceed to trial on

the merits, will not avail respondent. Such general appearance did not relate back, so as to validate the void proceedings. Its only effect was to confer jurisdiction over the person of defendant from its date."

As stated in Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163, 12 Am. S. R. 657: "The course of the moving party in thus seeking to have a void judgment set aside, —to which relief he is entitled as a matter of right,— but at the same time consenting and asking that the court shall now hear and adjudicate upon the cause, may justify the court in entertaining the cause and proceeding as in an action pending in which the defendant has voluntarily appeared. But in thus urging his legal right, and thus invoking and consenting to the future action of the court, the moving party should not be deemed to have conferred jurisdiction retrospectively, so as to render valid the previous judgment, which, being unsupported by any authorized judicial proceedings, was not merely voidable, but void, and in legal effect a nullity."

And in Doyle v. Willcockson, 184 Iowa 757, 169 N. W. 241, the court stated: "We are constrained to hold that a judgment which is void for want of notice can no more be validated after entry of judgment by any waiver of notice than it could be by serving a proper notice after judgment."

And in State ex rel. Nevada Douglass Gold Mines, Inc. v. District Court, 51 Nev. 206, 273 P. 659, the court stated: "In this situation the judgment is void ab initio. But it is said in this connection that after the judgment was rendered the company appeared in the action. * * * it is self-evident that such an appearance could not relate back to date of the rendition of the so-called judgment so as to vitalize that which never had life."

See, also, Mills v. State, 10 Ind. 114; Bennett v. Supreme Tent of Knights of Maccabees, 40 Wash. 431, 82 P. 744, 2 L. R. A. N. S. 389.

Appellant, in his brief, states his willingness to submit

to the jurisdiction of the court in accordance with the foregoing and does not ask that the action be dismissed. The decree was rendered without the district court having jurisdiction of the defendant and is therefore void, without force and effect, and a nullity. However, since appellant made a general appearance in the action by his motion of October 14, 1952, the cause should not be dismissed but returned to the district court and there appellant given a reasonable time to answer and then the cause set down for trial so appellant may have his day in court. The action of the trial court is reversed and the cause remanded to the district court for further proceedings in accordance with the directions herein contained.

REVERSED AND REMANDED WITH DIRECTIONS.