## J. K. BAKER v. UNION STOCK YARDS NATIONAL BANK.

FILED FEBRUARY 6, 1902.   No. 10,139.

Commissioner's opinion, Department No. 2.

1. **Special Appearance: JURISDICTION: WAIVER.** If a defendant claims that the court has acquired no jurisdiction over his person, by reason of defects or irregularities in the process, or service thereof, his course is by special appearance and objections to tne jurisdiction; and if he goes further, and enters a general appearance, or invokes the powers of the court for any other purpose than quashing the pretended process, or service thereof, the defects are waived.

2. **Want of Jurisdiction: ANSWER.** But where for some reason the defendant is privileged from suit in the county where or at the time when he is sued, he may set up want of jurisdiction of his person by answer, along with any other defenses he may have, without first making a special appearance or preliminary objections.

55

3. ———: ———: AMENDED ANSWER. In such case he must plead the want of jurisdiction as soon as called upon to answer. If he answers without so doing, he can not afterwards make the defense in an amended answer.

4. Promissory Note: ACCOMMODATION: DEFENSE: PAYEE: INDORSEE. That a promissory note was executed by way of accommodation is a good defense as against the payee, but not as against the indorsee, from whom money was obtained by virtue thereof, even though he had notice of the relation of the parties to each other.

5. ———: ———: CONSIDERATION. Where money is advanced upon the representation and in the expectation that a person named will sign a note given therefor, and he afterwards does so, there is sufficient consideration as to the latter.

6. Joint Enterprise: STATEMENTS OF ONE PARTY: EVIDENCE. Statements of one of the parties to a joint enterprise, made while borrowing money to be used, and which was used in such enterprise, are admissible against the other parties thereto so far as they form a part of the transaction.

ERROR from the district court for Douglas county. Tried below before POWELL, J. *Affirmed.*

*Hall & McCulloch,* for plaintiff in error.

*Kennedy & Learned, contra.*

POUND, C.

The Union Stock Yards National Bank of South Omaha sued Baker and one Frazier upon a note made by Baker to Frazier, and by the latter indorsed and delivered to the bank. Service was had upon Frazier by leaving a copy at his usual place of residence in Douglas county and an *alias* summons issued thereupon to Buffalo county and was served upon Baker. The latter appeared and answered to the merits, and afterwards, by amended answer, set up as a further defense that the court had acquired no jurisdiction of his codefendant, Frazier, for the reason that the latter was a resident of Illinois, and had no residence in Douglas county at the time of the service of summons. At the trial the court directed a verdict for the

bank, and the judgment rendered thereon has come before us on error.

A succession of well-considered cases has settled the law in this state as to the proper practice where want of jurisdiction over the person of a defendant is asserted. If a defendant claims that the court has acquired no jurisdiction over his person, by reason of defects or irregularities in the process, or service thereof, his course is by special appearance and objections to the jurisdiction; and if he goes further, and enters a general appearance, or invokes the powers of the court for any other purpose than quashing the pretended process, or service thereof, the defects are waived. *Omaha Loan & Trust Co. Savings Bank v. Knight,* 50 Nebr., 342; *Ley v. Pilger,* 59 Nebr., 561. But where, for some reason, the defendant is privileged from suit in the county where or at the time when he is sued, he may set up want of jurisdiction by answer, along with any other defenses he may have. *Hurlburt v. Palmer,* 39 Nebr., 158; *Anheuser-Busch Brewing Ass'n v. Peterson,* 41 Nebr., 897; *Herbert v. Wortendyke,* 49 Nebr., 182; *Barry v. Wachosky,* 57 Nebr., 534, 535; *Goldstein v. Fred Krug Brewing Co.,* 62 Nebr., 728. While in several of these cases the defendant first made a special appearance and objections to the court's jurisdiction over him, and, after these were overruled, set up the defense in his answer, we do not think such course is required in cases of this character. No special appearance or preliminary objections were made in *Hurlburt v. Palmer, supra,* or *Herbert v. Wortendyke, supra,* and the provisions of sections 94 and 96 of the Code of Civil Procedure, taken together, would seem to make it clear that they were not required. See also *Kyd v. Exchange Bank of Cortland,* 56 Nebr., 557. If such a defense is waived if not set up in the answer, it follows that the defense is not waived when set up by answer, and therefore that it is not waived by any preliminary steps required before raising it in the prescribed way. That such is the proper construction of the Code, is apparent upon consideration of the practice prior to the Code, and

a comparison with the holdings of other courts. *Reinstadler v. Reeves,* 33 Fed. Rep., 308; *Ward v. George,* 1 Bush [Ky.], 357; *Wabash W. R. Co. v. Brow,* 164 U. S., 271; *National Accident Society v. Spiro,* 164 U. S., 281. But while the defense set up in the amended answer was one that might properly be raised by answer in conjunction with other defenses, and while no preliminary objections were necessary to enable it to be so raised, we think it is the duty of a defendant in such cases to plead the want of jurisdiction as soon as called upon to answer. If he answers without so doing, we think he can not afterwards make the defense in an amended answer. Section 96, Code of Civil Procedure, provides that, if the objection is not taken by answer, "the defendant shall be deemed to have waived the same." Answering without taking this objection, then, was a waiver, and a waiver of such an objection must operate once for all. Having waived the objection, and by his answer acquiesced in the suit in a county other than that where he was amenable to service of process, he could not raise it at any subsequent stage of the proceedings.

As the court directed a verdict for the bank, we must take Baker's version of the transaction in question as the measure of his liability. His claim, in substance, is that he, with Frazier and one McPherson, cashier of the bank, entered into an arrangement for buying, feeding and shipping cattle, whereby Baker was to furnish one-half of the moneys required, and Frazier and McPherson the other half; that in order to raise their share of the money Frazier and McPherson borrowed it of the bank upon a note signed "J. K. Baker & Co." by Frazier, and sent a blank note to Baker for his signature; that this note was filled in as payable to Frazier, and by him indorsed, and put in the bank in lieu of the one first given. This note Baker afterwards renewed. He contends that it was a mere accommodation to enable Frazier and McPherson to raise the money they had agreed to contribute, and that, as McPherson was its cashier, the bank is chargeable with his

knowledge of the relation of the parties thereto. But Mc-Pherson is not the bank. Whatever might be the rule aplicable to a suit in which he claimed as indorsee, in this case the bank has parted with its money for this accommodation note; and the defense is urged, not against the payee for whose accommodation it was made, or an indorsee also accommodated thereby, but against an indorsee from whom money was obtained thereon. That a promissory note was executed by way of accommodation is a good defense as against the payee, but not as against the indorsee, from whom money was obtained by virtue thereof, even though he had notice of the relation of the parties to each other. *Penn Safe Deposit & Trust Co. v. Kennedy,* 175 Pa. St., 160, 34 Atl. Rep., 659; *Cole v. Cushing,* 8 Pick. [Mass.], 47, 48. That McPherson was cashier, could, at most, but charge the bank with what he knew. It does not identify one with the other. The corporation is a person distinct from its officers. *Humphreys v. McKissock,* 140 U. S., 304. Hence, while, as far as Frazier or McPherson are concerned, there would be no consideration for the note, yet, as it was given to be used by them in raising money, and they so used it, the furnishing of the money to Frazier, or to Frazier and McPherson, by an indorsee, is a consideration, and the note is enforceable by such indorsee, though it knew the purpose for which the note was given. Nor do we think it matters that in this case the money was loaned before Baker signed the note, so long as it appears that the loan was made on the representation and in the expectation that he would sign the note given, and he did afterwards sign a note which was used to take it up. A case of this kind was presented in *Steers v. Holmes,* 79 Mich., 430, 44 N. W. Rep., 922.

There are several assignments of error in rulings upon evidence. These are based on the admission of testimony as to the circumstances surrounding the execution of the note signed by J. K. Baker & Co., which was taken up by the accommodation note of which the one in suit is a

*This case appears in 34 Atl. Rep. as *Adams v. Kennedy.*—REPORTER.

renewal, and as to Frazier's statements while procuring the loan and executing the note. The circumstances testified to are material to show the relation of the indorsee to the paper here in suit. The statements of Frazier were to the effect that Baker was absent, that Frazier would make a note temporarily, and that such note would be taken up by one signed by Baker, secured by a mortgage on some cattle, as soon as the papers could be executed by the latter. The money was sent to Baker, and was used in the purchase of cattle, and he signed the papers as Frazier had represented he would. Taking Baker's own version, the statements of Frazier, one of the parties to the admitted joint enterprise, made while borrowing money to be used in, and which was used in, such enterprise, and as a part of the transaction, were admissible.

We recommend that the judgment be affirmed.

SEDGWICK and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

NOTE.—*Section 96, Code of Civil Procedure.—Misjoinder.—Defect of Parties.—Jurisdiction.—General Demurrer.*—Misjoinder of causes of action must be taken advantage of by answer or demurrer, otherwise it is waived. *Claire v. Claire,* 10 Nebr., 54, 56. An answer filed is a waiver of an exception to the overruling of a special demurrer. *Cox v. Peoria Mfg. Co.,* 42 Nebr., 660. A demurrer on the ground of defect of parties, is waived by an answer. *Lederer v. Union Savings Bank,* 52 Nebr., 133. A defense of a defect of parties, can not be raised for the first time in the supreme court. *Ayres v. Duggan,* 57 Nebr., 750; *Phenix Ins. Co. v. Rad Bila Hora Lodge,* 41 Nebr., 21, 23. The filing of an answer, is not a waiver of the overruling of a general demurrer. *Cox v. Peoria Mfg. Co.,* 42 Nebr., 660; *Hopewell v. McGrew,* 50 Nebr., 789. The objection that the petition does not state a cause of action, may be raised even in the supreme court. *Sage v. City of Plattsmouth,* 48 Nebr., 558. Objection to jurisdiction not arising on the summons, its service or indorsement, may be raised by answer. *Herbert v. Wortendyke,* 49 Nebr., 182. The plaintiff waives nothing by failing to object by answer or demurrer to a cross-petition which sets up a counterclaim. He may take advantage of such defect at any stage of the

proceedings. *Brugman v. Burr*, 30 Nebr., 406, 420. Failure to allege exclusive adverse possession, will be considered waived after judgment. *Tourtelotte v. Pearce*, 27 Nebr., 57, 62. Motion is the proper remedy for defects in form. *Forbes v. Petty*, 37 Nebr., 899.—REPORTER.