GEORGE STELLING, APPELLEE, V. WILLIAM N. PEDDICORD ET AL., APPELLEES; McBRAYER BROTHERS, APPELLANTS.

FILED APRIL 18, 1907. No. 14,654.

1. Appearance: JURISDICTION: WAIVER. If a defendant claims that the court has acquired no jurisdiction over his person by reason of defects or irregularities in the process or service thereof, his course is by special appearance and objections to the jurisdiction; and, if he goes further and enters a general appearance, or invokes the powers of the court for any other purpose than quashing the pretended process or service thereof, the defects are waived. *Baker v. Union Stock Yards Nat. Bank*, 63 Neb. 801.

2. Want of Jurisdiction: ANSWER. But where for some reason the defendant is privileged from suit in the county where, or at the time when he is sued, he may set up want of jurisdiction of his person by answer, along with any other defenses he may have, without first making a special appearance or preliminary objections.

3. **Process: Partnership: Service.** Where the members of a copartnership reside in another state and are not within this state, service of summons upon the firm, as a firm, cannot be made in a county where it has no usual place of doing business.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Reversed.*

*Hairgrove & Stubbs* and *F. H. Stubbs,* for appellants.

*G. M. Caster, contra.*

ALBERT, C.

George Stelling brought an action against McBrayer Brothers, a copartnership, whose members reside and whose principal place of business is in another state, to recover the price paid for a horse, on the ground of a failure of warranty. There were other parties defendant, but as they are now out of the case we shall use the word defendant to designate the copartnership. The return of the sheriff shows that the summons was served on the partnership "by delivering to W. H. Chaney, their authorized agent in buying horses and mules, at W. H. Chaney's place of residence in Franklin county, Nebraska, a true and certified copy of the summons." The defendant entered a special appearance, objecting to the jurisdiction of the court on two grounds: (1) That the return of the sheriff did not show that service of summons was made upon the clerk or general agent of the defendant at its usual place of doing business in said county; (2) that the defendant is a nonresident of the state of Nebraska, and had no office or place of business in said county. A hearing was had on the special appearance, and a large amount of testimony was taken on the question whether the defendant had an agent and place of doing business in Franklin county. The special appearance was overruled, whereupon the defendant filed an answer which, in addition to a plea to the merits, included a plea to the jurisdiction of the court, based on the objections urged in its special appearance.

A trial was had, wherein not only the issues raised by the plea to the merits, but those raised by the plea to the jurisdiction of the court, were litigated. A general verdict was returned in favor of the plaintiff, and from a judgment rendered thereon the defendant appeals.

The first objection to the jurisdiction of the court relates merely to a defect or irregularity in the service of the summons, and was properly brought to the attention of the court by the defendant's special appearance. *Baker v. Union Stock Yards Nat. Bank,* 63 Neb. 801. But if the defendant intended to rely on that objection it should have got out of court when the special appearance was overruled, because by filing an answer and asking an adjudication on the merits it waived the defect in the service shown by the return of the sheriff. *Baker v. Union Stock Yards Nat. Bank, supra.* Nothing was gained by including this objection with a plea to the merits, because it is well settled that, where an objection of this kind is brought to the attention of the court by special appearance, and the defendant goes further and enters a general appearance, or invokes the powers of the court for any other purpose, such defects in the service are waived. *Baker v. Union Stock Yards Nat. Bank, supra.* This rule is reasonable. The only object of the service of original process is to give the defendant an opportunity to make a defense, and after a defendant has appeared in a cause, and made his defense on the merits, it would be absurd to withhold an adjudication on the ground that the notice giving him an opportunity to make his defense, and of which he had availed himself, had been irregularly served.

But the second objection is of a different character. It goes more to the venue. It amounts to a claim of immunity from the lawful service of summons in the county where the action was brought. In such case, where the ground of the objection does not appear on the face of the record, the proper practice is to plead to the jurisdiction, and this plea may be joined with a plea to the

merits. *Baker v. Union Stock Yards Nat. Bank, supra.*
It is not necessary that an objection of this kind should
be first urged on special appearance. It would follow,
then, that, while the first objection was waived by de-
fendant's general appearance and plea to the merits, the
second was available as the basis of a plea to the juris-
diction, and one of the questions now presented is whether
the evidence is sufficient to sustain a finding against the
defendant on the issues tendered by that plea.

From the evidence that went to the jury on that issue
it conclusively appears that when this suit was instituted
the defendant's principal place of business was in the
state of Missouri, and that its members resided in that
state, and were not in Franklin county. The evidence
allows the inference that Chaney, the alleged agent upon
whom service was made according to the officer's return.
was acting as the defendant's agent in buying horses and
mules and shipping them to the defendant in Missouri.
His agency, however, was in the nature of a roving com-
mission. He bought whenever he could, and shipped from
the most convenient point. He was in charge of no office
or place of business owned or kept by the defendant, nor
did the defendant own or maintain any place of business
in the county in which the venue was laid. In short, there
was no place in that county that could be called the de-
fendant's "usual place of doing business." Section 24 of
the code provides that a copartnership may sue and be sued
by the firm name. Section 25 provides that process against
any such company or firm shall be served by a copy left
at their usual place of doing business within the county,
with one of the members of such company or firm, or with
a clerk or general agent thereof. In this case, as both
members of the firm were outside the state, service
could only be made by a copy left with a clerk or general
agent of the defendant at its "usual place of doing busi-
ness within the county," and, as there was no such place,
it is clear that service of summons could not be made.
The defendant, then, was privileged from suit in that

county because it was out of reach of the process of the court. Its plea to the jurisdiction is not a mere technical objection, but is in the nature of a protest against being dragged into a foreign jurisdiction to defend against a suit, and should have been sustained. *Baker v. Union Stock Yards Nat. Bank, supra,* and citations.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.