GEORGE T. HANER ET AL., APPELLEES, V. ELLA K. PALMER, APPELLANT.

FILED FEBRUARY 15, 1911.   No. 16,309.

1. Appearance.  By a general appearance in an action the defendant waives all defects in the original summons.

2. Appeal: PETITION.  The objection that the petition in the district court states a different cause of action from the one tried in the justice court cannot be considered, where the record does not contain a copy of the original bill of particulars.

3. Principal and Agent: EVIDENCE.  A letter written by an agent of a party with his knowledge and consent ordinarily is competent evidence against him.

4. Appeal: CONFLICTING EVIDENCE.  A judgment rendered upon conflicting evidence will not be reversed unless it is found to be clearly wrong.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE.  *Affirmed.*

*Joshua Palmer,* for appellant.

*R. M. Proudfit, contra.*

BARNES, J.

The plaintiffs recovered a judgment in the district court for Saline county for money expended in furnishing an abstract of title for the defendant at her request, and she has appealed.

It appears that the plaintiffs commenced their action in justice court, where they recovered a judgment from which the defendant appealed to the district court, where the plaintiffs again had judgment. Complaint is now made of the insufficiency of the summons issued by the justice of the peace, but that question cannot be considered, for the reason that the defendant appeared generally in the justice court, and asked for and procured a continuance of the cause for the period of 30 days. By such appearance she waived all defects in the original summons. *Stelling v. Peddicord*, 78 Neb. 779; *Merchants Savings Bank v. Noll*, 50 Neb. 615.

It is further claimed that the petition in the district court set forth a different cause of action from the one sued on in the justice court. This assignment cannot be considered for the record does not contain the original bill of particulars upon which the cause was tried in the justice court.

It is also stated that the court erred in the admission of a certain part of plaintiffs' evidence, to wit, the letter to plaintiffs requesting them to prepare the abstract in question. The objection is that the defendant did not write the letter herself. It appears that the letter was written with her knowledge and consent by her husband, who, she admits, was her agent and was entrusted with the management of her business. Therefore the letter was competent evidence against her. Finally, it is contended that the judgment is not sustained by the evidence. It appears that the judgment was rendered upon conflicting testimony, and, as it is not shown to be clearly wrong, it must be affirmed, and it is so ordered.

AFFIRMED.