## Commonwealth *v.* Mack Bros. Motor Car Company, Appellant.

Argued May 25, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Ralph E. Evans*, with him *McNees, Wallace & Nurick*, for appellant.

*Carl F. Chronister*, Deputy Attorney General, with him *T.McKeen Chidsey*, Attorney General, for appellee.

OPINION BY MR. JUSTICE PATTERSON, July 6, 1948:

This appeal by Mack Bros. Motor Car Company, a domestic corporation, challenges the interpretation by the court below of the Capital Stock Tax Act of June 1, 1889, P. L. 420, as amended, 72 PS Section 1901, and its liability for tax thereunder for the year 1937, asserting that it was not "doing business in and liable to taxation within this Commonwealth, or having capital or property employed or used in this Commonwealth. . . ." The Commonwealth of Pennsylvania, appellee, contends, and the court below held, that the Act applies to domestic corporations irrespective of whether they are actually doing business or have capital employed or used in this Commonwealth.

Mack Bros. Motor Car Company, appellant corporation, was duly organized on February 1, 1905, under and pursuant to the laws of this Commonwealth. It engaged in business authorized by its charter from the date of its incorporation until January 2, 1931, on which date it leased to Mack Manufacturing Corporation, a foreign corporation, all land, buildings, plants, machinery and equipment for a term of 16 years with an option to renew

for an additional term of 5 years. The lessee was required to pay all expenses necessary and incidental to the upkeep of the premises, all taxes imposed upon lessor or payable by it, all water rent and costs of repairs, and to insure, in the name of appellant, buildings, plants, machinery and equipment.

Appellant has had no net income since January 2, 1931, the rentals being exactly equivalent to the taxation. The only business conducted by appellant during the year 1937 was to hold title to the manufacturing plant. No shareholders' nor directors' meetings have been held in Pennsylvania since January 2, 1931. Appellant's capital stock is $1,000,000 and the surplus at the end of 1937 was $189,533. It has no bank account in Pennsylvania or elsewhere. Mack Manufacturing Corporation, the lessee, has qualified to do business in Pennsylvania during the years since it has leased appellant's premises and has regularly paid the franchise tax to the Commonwealth.

A capital stock tax return was filed by the appellant for the year 1937 and settlement was duly made thereon. The taxable capital stock was determined to be $500,000 which taxed at the rate of 5 mills resulted in a charge of $2,500. A petition for resettlement was filed pursuant to the provisions of Section 1102 of the Fiscal Code of 1929, P. L. 343. Thereafter, the valuation of the capital stock was reduced to $450,000, and the tax accordingly reduced to $2,250. Appellant petitioned the Board of Finance and Revenue for Review pursuant to Section 1103 of the Fiscal Code, which petition for review was refused. Thereafter, pursuant to Section 1104 of the Fiscal Code, supra, appeal was perfected to the Dauphin County court which held that appellant was subject to tax. This appeal followed.

The power of the legislature to impose a capital stock tax upon a domestic corporation, irrespective of whether business is being done or capital is being employed

within the Commonwealth is not challenged. The sole issue is whether that power has been so exercised or whether capital of a domestic corporation is to be taxed only when actually employed within the Commonwealth. The court below properly held that the words of the Act "doing business in and liable to taxation within this Commonwealth, or having capital or property employed or used in this Commonwealth" refer to foreign corporations only.

Assuming that the words of the statute are not clear and not free from ambiguity, the Statutory Construction Act of 1937, P. L. 1019, Section 51, 46 PS Section 551, requires that ". . . the intention of the Legislature may be ascertained by considering, among other matters— (1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law." Review of the corporate stock tax statutes reveals that only where a foreign corporation has been made subject to the tax do the words "doing business within this Commonwealth", or "having capital or property employed or used in this Commonwealth" appear. The Act of 1844, P. L. 486, and its amendment, the Act of 1859, P. L. 529, relate to a tax upon domestic corporations and do not contain the above words. The Act of 1855, P. L. 495, 506, and the Act of 1868, P. L. 108, are applicable to foreign corporations and do contain the above words.

A corporation is admittedly subject to the taxing power of the state of its creation. The Commonwealth may levy a capital stock tax upon a foreign corporation only where it is doing business in the state and there is subject to the tax only that property which con-

stitutes an integral part of the business: *Commonwealth v. The Mundy Corporation,* 346 Pa. 482, 484-5, 30 A. 2d 878. Jurisdiction to tax foreign corporations is derived from the doing of business within Pennsylvania. Clearly, therefore, the purpose of the legislature in using the words in question, as ascertained by considering the occasion and necessity for the law and the contemporaneous legislative history was to have the qualifications apply only to foreign corporations and not to domestic corporations.

, Statutes determining the scope of taxables are to be strictly construed: Statutory Construction Act, supra, Section 58(3), 46 PS Section 558(3). See *Pennsylvania Company's Appeal,* 337 Pa. 321, 11 A. 2d 160. The legislature cannot, however, be deemed to intend that language used in a statute shall be superfluous and without import. If, as appellant contends, the phrase "doing business in Pennsylvania" had been intended to be applicable to all corporations, domestic and foreign, it would have been unnecessary to distinguish between them and the following portion of Section 20 of the Act, supra, would have been unnecessary: ". . . by or under any laws of this Commonwealth, and of every corporation, joint-stock association, limited partnership, and company whatsoever, now or hereafter incorporated or organized by or under the law of any other State or Territory of the United States, or by the United States, or by any foreign government. . . ."

The court below properly held appellant to be within the provisions of the Act and amenable to the capital stock tax.

Order and judgment affirmed. Costs to be paid by appellant.