ELVIN E. HILLS ET AL., APPELLEES, V. EARLE M. BURNETT, SR., DOING BUSINESS AS BURNETT'S HOME TRAILER SALES, ET AL., APPELLEES, IMPLEADED WITH THE MICHIGAN NATIONAL BANK, A CORPORATION, APPELLANT.

125 N. W. 2d 66

Filed November 22, 1963. No. 34923.

Wilson & Barlow, for appellant.

Nelson, Harding & Acklie and Charles J. Kimball, for appellees Hills.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This action was brought in the district court for Lancaster County, Nebraska, by Elvin E. Hills and Margie Hills, the plaintiffs, to cancel a contract of conditional sale for the purchase of a house trailer and to recover the payments made upon the contract. After the contract had been executed it was assigned by the defendant,

Earle M. Burnett, Sr., to the defendant, Michigan National Bank.

The trial court found that the contract was void and entered judgment for the plaintiffs. Upon appeal to this court, that judgment was affirmed. Hills v. Burnett, 172 Neb. 370, 109 N. W. 2d 739. Thereafter, the Supreme Court of the United States granted certiorari, vacated the judgment, and remanded the cause for further proceedings not inconsistent with its opinion filed March 25, 1963. Michigan Nat. Bank v. Hills, 372 U. S. 591, 83 S. Ct. 914, 9 L. Ed. 2d 961. Upon the motion of the plaintiffs, this court then granted reargument upon the issues presented by the mandate of the Supreme Court of the United States.

By special appearance, and later by answer, the Michigan National Bank objected to the venue of the action. The bank contended that, pursuant to the terms of a federal statute, the action against it could be brought only in the district court of the United States held within the district in which it was established, or in any state, county, or municipal court in the county or city in which it was located having jurisdiction in similar cases. 12 U. S. C. A., § 94, p. 442. This court held that the federal statute was permissive rather than mandatory and that the bank was subject to suit in Nebraska.

The Supreme Court of the United States has now held that the federal statute is controlling, and that a national bank may be sued only in those state courts in the county where the bank is located unless the bank has waived its privilege. Mercantile Nat. Bank at Dallas v. Langdeau, 371 U. S. 555, 83 S. Ct. 520, 9 L. Ed. 2d 523. Thus, the only question which remains at this time is whether the Michigan National Bank has waived its privilege of immunity from suit in the district court for Lancaster County, Nebraska.

The plaintiffs contend that the Michigan National Bank did not make timely objection to the venue of the action in the trial court. A similar contention was

made by the plaintiffs at the time the appeal was heard in this court, but we determined that the question of venue was presented. Hills v. Burnett, *supra*. If the special appearance of the Michigan National Bank had made no objection to the venue of the action, the objection made in the answer was sufficient. Where the defect does not appear upon the face of the record, a defendant who is privileged from suit in the county where the action is brought is not required to make that objection by special appearance but may raise that defense by answer. Baker v. Union Stock Yards Nat. Bank, 63 Neb. 801, 89 N. W. 269, 93 Am. S. R. 484; Stelling v. Peddicord, 78 Neb. 779, 111 N. W. 793; Peters v. Pothast, 120 Neb. 208, 231 N. W. 805; Rueger v. Hawks, 150 Neb. 834, 36 N. W. 2d 236.

The plaintiffs further contend that a provision in the contract is a waiver of any privilege from suit in Lancaster County, Nebraska, that the seller or any assignee of the seller might have. The contract provided in part as follows: "It is the intention of the parties hereto that all matters relating to the execution, interpretation, validity and performance of this contract shall be governed by the laws of the state in which the Buyer now resides, which is the state indicated below." The contract shows the residence of the plaintiffs, who were the "buyers," to be Lincoln, Nebraska. We do not think that the above provision of the contract was intended to relate to the venue of an action brought upon the contract. Consequently, this provision of the contract did not waive the privilege of the Michigan National Bank from suit in Lancaster County, Nebraska.

The judgment of the district court as to all defendants except the Michigan National Bank is affirmed; as to the Michigan National Bank, the judgment is reversed and the cause remanded with directions to dismiss the action as to the Michigan National Bank.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.