CHARLIE F. BAIR ET AL., APPELLEES, V. MICHIGAN NATIONAL BANK, A CORPORATION, APPELLANT.

124 N. W. 2d 926

Filed November 22, 1963. No. 35439.

Wilson & Barlow, for appellant.

E. D. Warnsholz, for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This action was brought by Charlie F. Bair and Linnie Bair, the plaintiffs, to declare void a loan made to the plaintiffs by the Michigan National Bank, the defendant, and to recover the payments made on the loan. The district court found that the loan was in violation of the Installment Loan Act and entered judgment for the plaintiffs. The bank's motion for new trial was overruled and it has appealed.

The bank filed a special appearance objecting to the jurisdiction of the court over the person of the defendant, which was overruled. The bank then filed a special demurrer, which recited that it reserved and preserved its special appearance, and objected to the venue of the action. The special demurrer was overruled. The bank then filed an answer, reserving and preserving its special appearance, and alleging that the venue of the action was improper. The bank relies on a federal statute which provides that an action against a national bank can be brought only in the district court of the United States held within the district in which it is established, or in any state, county, or municipal court in the county or city in which it is located having jurisdiction in similar cases. 12 U. S. C. A., § 94, p. 442. The Supreme Court of the United States has held that this statute is controlling in this type of action and that a national bank may be sued only in those state courts in the county where the bank is located unless the bank has waived its privilege. Mercantile Nat. Bank at Dallas v. Langdeau, 371 U. S. 555, 83 S. Ct. 520, 9 L. Ed. 2d 523. See, also, Michigan Nat. Bank v. Hills, 372 U. S. 591, 83 S. Ct. 914, 9 L. Ed. 2d 961; Hills v. Burnett, *ante* p. 871, 125 N. W. 2d 66.

The evidence shows that the Michigan National Bank is established and located in Lansing, Ingham County, Michigan. Therefore, in this action the bank is privileged from suit in the district court for Lancaster County, Nebraska, unless it has waived its privilege.

The loan which the bank made to the plaintiffs was evidenced by a promissory note and a contract of conditional sale for the purchase of a house trailer. The loan represented the unpaid balance of the contract for the purchase of the trailer. After the note and contract had been executed, they were endorsed and assigned to the bank.

The contract contained a provision which recited that all matters relating to the execution, interpretation,

validity, and performance of the contract should be governed by the laws of the state of the residence of the buyer which was shown to be Nebraska. The plaintiffs contend that this provision in the contract is a waiver of the privilege of the bank from suit in Lancaster County, Nebraska. We hold to the contrary. Hills v. Burnett, *supra.*

The judgment of the district court is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.