**Louis PERNA, Plaintiff,**

v.

**DELL PUBLISHING CO., Inc., Defendant.**

**Civ. A. No. 64–539–S.**

United States District Court
D. Massachusetts.

Oct. 8, 1964.

Alfred P. Farese, Everett, Mass., Sidney Blumenthal, Boston, Mass., for plaintiff.

James P. Lynch, Jr., Nutter, McClennen & Fish, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The plaintiff brought this action for libel based on a story in a magazine named "Front Page Detective" and published by the defendant, in the Superior Court of Suffolk County. The defendant removed it to this court and has now filed a motion, supported by affidavits, to quash the return of service and to dismiss the action.

Service was made on one "S. Pretrowicz" who, according to the return, is the defendant's sales representative and is in charge of its business. The uncontradicted affidavit of Stanley S. Pietrowicz indicates that while he has been employed as sales representative by Dell Distributing Co., a wholly-owned subsidiary of the defendant, he has never been in charge of the business of either corporation and is not an agent to accept service of process for either of them and, in any event, has never even been employed by the defendant. No valid service was, therefore, made on the defendant and the motion to quash is allowed.

The defendant further contends that the suit should be dismissed as it is not amenable to service of process in any form in Massachusetts. The affidavit of the defendant's president shows that the defendant, a publisher of magazines, incorporated in New York, had no assets, personnel, office, plant, warehouse or telephone listing in Massachusetts; that it never appointed anyone, including the Secretary of the Commonwealth, agent to receive service of process; and that its sole contact with Massachusetts was the fact that its magazines are sold within the state through mail subscriptions and retail outlets. Moreover, distribution of magazines is handled not by the defendant but by its subsidiary, Dell Distributing Co.

On these facts I find that the defendant is not "doing business" here within the meaning of Mass.G.L. c. 223 § 38. See Schmidt v. Esquire, Inc., 210 F.2d 908, 914–916 (7th Cir. 1954), cert. den., Schmidt v. Crowell–Collier Pub. Co., 348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646 (1954); Street & Smith Publications, Inc. v. Spikes, 120 F.2d 895 (5th Cir. 1941), cert. den., 314 U.S. 653, 62 S.Ct. 102, 86 L.Ed. 524 (1941); Cannon v. Time, Inc., 115 F.2d 423 (4th Cir. 1940); Whitaker v. MacFadden Publications, Inc., 70 App.

D.C. 165 105 F.2d 44 (1939); Brewster v. Boston Herald-Traveler Corp., 141 F. Supp. 760 (D.C.Maine 1956); Moorhead v. Curtis Publishing Co., 43 F.Supp. 67 (D.C.Ky.1942).

Nichols v. Cowles Magazines, 103 F. Supp. 864 (D.C.Mass.1952), cited by the plaintiff, is clearly distinguishable on the facts. Not only did the defendant maintain an office in Boston and solicit advertising here, but it had additional employees who travelled throughout the state to check the effectiveness of the display, promotion and sale of defendant's magazines. Similarly, in Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230 (1952), the defendant maintained an office, solicited orders and investigated complaints.

The motion to dismiss is allowed.