## Commonwealth v. First Pennsylvania Overseas Finance Corporation, Appellant.

Argued January 11, 1967. Before BELL, C.J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

144 

 reargument
refused May 8, 1967.

*Thomas S. Weary,* with him *Saul, Ewing, Remick & Saul,* for appellant.

*Vincent X. Yakowicz,* Deputy Attorney General, with him *Edward Friedman,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, March 14, 1967:

First Pennsylvania Overseas Finance Corporation (Appellant) was organized and exists under an Act of the United States Congress. Its home office and, indeed, its corporate base is in Philadelphia. From there, it conducts its foreign financing activity as a wholly owned subsidiary of the First Pennsylvania Banking and Trust Company. The sole question involved in this case is whether Appellant is subject to Pennsylvania capital stock tax, as both the Board of Finance and Revenue and the court below have held.

Appellant's position is quite straightforward. Under §21(a) of the Act of June 1, 1889, P.L. 420, as amended, 72 P.S. §1871, a capital stock tax is imposed upon every "domestic" corporation which is required to file a report under §20, 72 P.S. §1901, of the Act. Appellant contends that the language of §20 clearly marks a corporation created under the laws of the

United States[1] as a "foreign" corporation, not a "domestic" one, and that appellant, therefore, is not subject to capital stock tax. In so asserting, Appellant makes no constitutional claim; in fact, it freely admits that were the Pennsylvania statute so written as to include federally-chartered corporations in the "domestic" group, Appellant's liability to capital stock tax would be clear.

Section 20 of the Act of 1889, supra, provides: "Hereafter . . . it shall be the duty of every corporation . . . now or hereafter organized by or under any laws of this Commonwealth, and of every corporation . . . now or hereafter incorporated or organized by or under the law of any other State or Territory of the United States, or by the United States, or by any foreign government, and doing business in and liable to taxation within this Commonwealth . . . to make annually . . . a report."

According to Appellant, this section divides all corporations into the two classes referred to in §21: (a) "domestic" corporations organized under the laws of this Commonwealth and (b) "foreign" corporations organized under the laws of any other state, of the United States or of a foreign government. The latter category, subject to a franchise tax under §21(b), contains the additional qualification that the corporation be doing business in Pennsylvania, while the former category covers all domestic corporations whether or not they are doing business here. Therefore, Appellant contends, it is defined by Pennsylvania law as a

---

[1] Appellant is a federally-chartered corporation created under Congress' powers as a national legislature, not as the local legislative body for the District of Columbia. For an example of a case involving a corporation chartered under an Act of Congress in which Congress acted as a legislature for the District of Columbia, see *Commonwealth v. 2101 Cooperative, Inc.*, 408 Pa. 24, 183 A. 2d 325 (1962).

"foreign" corporation and cannot be taxed as a "domestic" corporation.

Appellant also points to our decision in the case of *Commonwealth v. Mack Bros. Motor Car Co.*, 359 Pa. 636, 59 A. 2d 923 (1948), as controlling. In that case a Pennsylvania corporation not doing any business here argued that the "doing business" language of §20 qualified all corporations described in that section, not just those referred to in our category (b) above. We rejected this argument with language which several times referred to the "doing business" language as applying only to "foreign" corporations.

There is no unanimity among the authorities regarding the status of a federal corporation operating within a state (i.e., as being a "domestic" or a "foreign" corporation). Contrast 9 Fletcher Cyclopedia Corporations §4314 (1964) and 17 Fletcher Cyclopedia Corporations §8291 (1960) with 23 Am. Jur., Foreign Corporations, §9 (1939). However, there is agreement that these corporations *may be* considered "domestic" in such a state, and, as we have indicated, the only question here is whether Pennsylvania has so considered them.

There are several factors which bear upon the problem. (1) The federal statute under which appellant was organized contains a specific provision, 12 U.S.C. §627, which permits a state in which the home office of the corporation is located to tax the corporation as it would a corporation organized under its own laws. Clearly, this statute does not impose any tax, but it does permit Pennsylvania to do what it claims it has done—apply capital stock tax to Appellant. (2) If Appellant were considered a foreign corporation, this same federal statutory provision would prevent imposition of the franchise tax. More important, constitutional due process limitations may prevent Pennsylvania from imposing franchise tax on a corporation

which gained its privilege of exercising its franchise here from the Federal Government, not the Commonwealth. If this be so (and we refrain from deciding this question since it is not actually before us), the inclusion of corporations organized under the national laws of the United States in §20 of the Act of 1889 (if the second group of corporations listed in that section be characterized as the "foreign" group, as Appellant contends) would have been a useless act since the Commonwealth could not impose the franchise tax upon them in any event.

This last point, of course, involves conjecture, and we prefer to base our conclusion on more direct reasoning. There exists in Pennsylvania only one case other than *Mack Bros.*, supra, which provides any guide to us here. In *Commonwealth v. Texas and Pacific Railroad Company*, 98 Pa. 90 (1881), a corporation chartered by an Act of Congress was taxed by the Commonwealth under a statutory provision imposing a license fee upon foreign corporations which maintained an office in this state. We struck down this attempt to tax. In doing so, we stated: ". . . . Hence, a corporation created by the government of the United States cannot with propriety be called a foreign corporation. It is contended, however, that in a more comprehensive sense all corporations not created directly by state authority may be classed as foreign, in contradistinction to those of exclusively state origin; and that such was intended to be the meaning of the word 'foreign,' as used in the act. This might be so, if there was anything in the act itself indicative of an intent to use the word in that sense; but there is not. On the contrary, in the 5th section, which imposes a tax on limited partnerships, etc., they are described as 'partnerships organized under or pursuant to the laws of this state, or of any other state or territory, or of the United States, or under the laws of any foreign

state, kingdom or government;' thus clearly showing that when the legislature intended to tax associations created by the general government they used apt words of description for that purpose." 98 Pa. 90, 100.

Appellant, recognizing the general rule first set forth in this statement, argues that our subsequent indication, to the effect that a federal corporation may be considered a foreign corporation if an intent to do so appears in the statute, applies here. It contends that when the words "foreign corporation" are used with other words (as in the limited partnership language quoted above) this intent is present. We disagree. The quoted holding does not so state; in fact, the lower court (in an opinion which this Court spoke of with approval) in the *Texas and Pacific Railroad* case pointed out that a federal corporation could be taxed by the state only in express words, not generally as a foreign corporation. We interpret this case as holding that a federal corporation can only be taxed (1) if express language doing so is used or (2) it is included in a class of taxed corporations (e.g., "foreign corporations") and that class is clearly defined as including federal corporations. Otherwise, a federal corporation is not to be considered a foreign corporation.

Therefore, while we agree that the language of the *Mack Bros.* case does lend support to Appellant's position, we note that this language was not essential to the holding in that case and must regard it as inappropriate to decide the present issue. It is a good example of how too much can be said in an opinion otherwise correct. We decide here that §20 of the Act of 1889, supra, is not definitional but descriptive, that it divides corporations into two groups—those subject to tax whether or not doing any business here and those subject to tax only if doing business here and that it permits no conclusion from its language as to which taxable entities are domestic and which are

foreign. As such, we conclude in line with the more general rule, that appellant should be considered a domestic corporation in Pennsylvania. Since it is doing business here and its home office is here, the requirements of the state and federal statutes are met, and capital stock tax was properly imposed.

The judgment of the court below is affirmed.