**Fred FISHER, on behalf of himself and on behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**FIRST NATIONAL BANK OF OMAHA, Omaha, Nebraska, Defendant.**

**Civ. No. 11–350–C–1.**

United States District Court,
S. D. Iowa.

Feb. 22, 1972.

Everett Meeker, Livingston, Day, Kehoe, Meeker & Bates, Washington, Iowa, for plaintiffs.

Emmet Tinley, Johnson, Stuart, Tinley, Peters & Thorn, Council Bluffs, Iowa, William E. Morrow, Jr., Swarr, May, Smith & Andersen, Omaha, Neb., for defendant.

## MEMORANDUM OPINION AND RULING AND ORDER ON DEFENDANT'S MOTION TO DISMISS

STUART, District Judge.

The Complaint in this case filed September 3, 1971 charged defendant with violating certain provisions of the Federal Truth-In-Lending Act, Title I of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. and Regulation Z, 12 C.F.R. 226.

On October 21, 1971 defendant filed a motion to dismiss on two grounds:

(1) As defendant is a national bank with its only place of business in Douglas County, Nebraska, action must be brought in the District of Nebraska under 12 U.S.C. § 94.

(2) Defendant was not properly served with notice under the Iowa Long Arm Statute 617.3 as defendant has not done any business in Iowa or entered into any contract relevant to the action with a resident of Iowa which is to be performed in whole or in part by either party in Iowa.

Hearing on defendant's Motion to Dismiss was held December 29, 1971 and evidence was taken and exhibits offered in support of the motion.

■ A motion to dismiss is an appropriate means to challenge jurisdiction of the person, Federal Rule of Civil Procedure 12(b) (2). It is proper to support such motion by affidavit or by evidence if the court directs. F.R.C.P. 43(e). Here evidence was taken and exhibits admitted with permission of the Court and without objection from plaintiff. Plaintiff offered no evidence and filed no affidavits.

■ "The jurisdiction of the Court having been directly attacked, the burden is on the plaintiff to sustain the jurisdiction over the defendant. The plaintiff, however, need only make a prima facie showing of jurisdiction and then the burden is on the defendant to rebut the prima facie case established by the plaintiff." Midwest Packaging Corporation v. Oerlikon Plastics, Ltd. (S.D. Iowa, 1968), 279 F.Supp. 816, 817.

The evidence disclosed that the First National Bank of Omaha (bank) is a national banking association organized under the provision of the National Banking Act (12 U.S.C. 21 et seq.). Its charter address is in Douglas County, Nebraska. As part of its general banking business it operates a bank credit card program known as BankAmericard. By use of this program certain individuals are authorized to draw drafts for presentation to First National Bank of Omaha through regular banking channels. When such drafts are presented at Omaha, Nebraska the bank accepts them and charges them to the credit card holder's account.

The card holder is required to pay his credit card account to the bank at its principal place of business in Omaha. Some of the card holders are residents of Iowa. The bank has no contracts with any Iowa merchant or any Iowa bank in connection with its credit card operation. The only contract between residents of Iowa and the bank relevant to either of these cases is the card holder agreement which is to be performed by both parties entirely within Nebraska.

However, First of Omaha Service Corporation (service corporation), a wholly owned subsidiary of defendant,

has a permit to do business in Iowa. It contacts merchants and banks in Iowa to secure their participation in the Bank-Americard Plan and has entered into contracts setting forth the duties and obligations of the service corporation and the merchant member (Exhibit C) and the service corporation and the participating bank (Exhibit E). Exhibit G is the agreement between the bank and the service corporation.

### (1)

#### Iowa Long Arm Statute

Plaintiff cites many authorities supporting the proposition that section 617.3, Code of Iowa satisfies the Due Process Clause of the United States Constitution. This has been decided by the Iowa Supreme Court, Tice v. Wilmington Chemical Corp. (1966), 259 Iowa 27, 41, 141 N.W.2d 616, 622, 143 N.W.2d 86, and is not an issue here.

Authorities are also cited showing how minimal the contacts may be and still satisfy due process. This is not an issue here either. "[T]he extent to which a state chooses to exercise jurisdiction over a foreign corporation 'is a matter for the law of the state as made by its legislature.' * * * Also, 'It is a legislative, not judicial, function to extend or enlarge jurisdiction over foreign corporations * * *.' [citing cases]" Hill v. Electronics Corp. of America (1962), 253 Iowa 581, 589, 113 N.W.2d 313, 318; Krueger v. Rheem Mfg. Co. (1967), 260 Iowa 678, 686, 149 N.W.2d 142, 147; Midwest Packaging Corp. v. Oerlikon Plastics, Ltd. (S.D.Iowa, 1968), 279 F.Supp. 816, 818; Easterling v. Volkswagon of America, Inc. (S.D.Miss. 1969), 308 F.Supp. 966, 975.

The pertinent language of section 617.3 Code of Iowa must therefore be examined. "If a foreign corporation makes a contract with a resident of Iowa *to be performed in whole or in part by either party in Iowa* * * * such [act] shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section. * * *" (Emphasis supplied)

The only agreement between plaintiff and defendant relates to the use of the credit card, which in substance provides that by using the card the card holder issues a draft on the Omaha bank which agrees to pay such draft in Omaha when presented through regular banking channels. The amounts paid by the bank are charged to the card holder's BankAmericard account in the Omaha bank. The card holder is billed and he pays the account in current funds to the bank in Omaha. The finance charges made if the account is not paid currently are not important at this stage of the case.

The Court concludes that no part of this contract is to be performed in Iowa. No Iowa cases dealing with the contract provisions of section 617.3 offer any support for such finding. Miller v. Vitalife Corporation of America (Iowa, 1969), 173 N.W.2d 91, clearly shows parts of the contract were performed in Iowa. The facts are similar to a situation in which an Iowa resident sends a deposit through the mail to his bank in Omaha and then writes a check in Iowa to pay for merchandise purchased here. The check is sent through regular banking channels and paid from the Omaha account. Such transaction may or may not be sufficient contact to satisfy the Due Process Clause of the United States Constitution, Great A & P Tea Co. v. Hill-Dodge Banking Co. (1963), 255 Iowa 272, 122 N.W.2d 337, but it does not meet the statutory requirements of section 617.3 that a contract with an Iowa resident must be performed in whole or in part in Iowa before the Long Arm Statute becomes available to obtain jurisdiction. If such were the case, a bank could be called upon to defend an action in any state in which its customers had cashed a check. I do not believe that was the intent of the legislature and seriously question the constitutionality of such a holding.

## (2)

### Wholly Owned Subsidiary

The service company has a permit to do business in the State of Iowa and has entered into contracts with banks and merchants in Iowa in the promotion and expansion of the BankAmericard Plan for the benefit of the bank. The question then arises whether the making of contracts to be performed in whole or in part in Iowa by this wholly owned subsidiary is sufficient to constitute the doing of business in Iowa by the bank.

A corporation is not doing business in a state merely by the presence of its wholly owned subsidiary. Cannon Manufacturing Co. v. Cudahy Packing Co. (1925), 267 U.S. 333, 45 S. Ct. 250, 69 L.Ed. 634. However, the fiction of corporate entity may be disregarded, where one corporation is so organized and controlled and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation. Even a non-owned corporation may act as agent for another corporation. No all embracing rule has been laid down under which the relationship between two corporations may be determined. The circumstances in each case must be examined to determine whether a corporation through the activities of another corporation has subjected itself to jurisdiction in a state under its long arm statute. Frazier, III v. Alabama Motor Club, Inc. (5th Cir., 1965), 349 F.2d 456, 459; Industrial Research Corporation v. General Motors Corp. (N.D.Ohio, 1928), 29 F.2d 623, 625.

Although a more extensive record would have been helpful in determining this matter, it appears to the court that the circumstances here show that as a matter of fact, the service company (1) is no more than an instrumentality or adjunct of the bank and (2) in entering into contracts in Iowa it was acting as the bank's agent to the extent that its activities constituted the doing of business in Iowa by the bank.

The contract between the bank and the service company shows the bank was licensed by BankAmericard Service Corporation to use certain materials and "servicemarks" and offer BankAmericard Services. The bank "desires to actively promote and expand the BankAmericard Plan" in Iowa. "The Service Corporation has been organized by bank for the purpose of promoting and expanding said plan, and bank has sponsored service corporation for a license to be granted by Bank America Service Corporation" to use "servicemarks" and the BankAmericard Plan.

The Service corporation under the contract agrees to solicit the participation in the plan by merchants and banks and furnish them materials, supplies and equipment and assist them in the operation of the plan. The service corporation is to solicit applications for BankAmericard Credit Cards subject to the bank's approval. Approved credit cards are delivered by the bank to the service company which in turn delivers them to the credit card applicant.

The bank agrees to accept all validly executed drafts from holders of valid credit cards enrolled by the service corporation. Books and records concerning all transactions are kept by the bank.

Drafts which are not paid and which are defective in specified ways are transferred to the service corporation and it pays the bank the amount it paid for such draft. Service corporation agrees not to make collection unless requested and authorized by the bank and such collections are held by the service corporation as trustee for the bank.

As compensation to the service corporation the bank agrees to pay it $1000 per month. It also retains member merchant's enrollment fees.

The agreement further provides: "Each party to this agreement acts as a principal and not as an agent for any other person, firm or corporation. Neither party hereto is an agent for the other and nothing in this agreement shall be construed as creating an agent-

principal relationship between them." However, "The conflict must be resolved not upon what the parties claim, nor even upon what their agreements say, but within a framework of actual fact and course of conduct which mirror their true relationship." Stiftung v. V. E.B. Carl Zeiss, Jena (S.D.N.Y., 1963), 32 F.R.D. 608, 610.

The service corporation procured contracts with banks and merchants in accordance with this agreement in Iowa. Credit cards were issued in Iowa as provided in the agreement.

The Court finds under these facts that the First of Omaha Service Corporation was in fact merely an adjunct of the First National Bank of Omaha and was acting as the agent of the bank in connection with the BankAmericard Plan and that making of contracts to be performed in whole or in part in Iowa by the service corporation constituted the doing of business in Iowa by the bank subjecting it to service under the Iowa Long Arm Statute, section 617.3 Code of Iowa. The following cases support the court's position. Many do not even involve wholly owned subsidiaries which adds further weight to the position taken here. Chicago M. & St. P. Ry. v. Minneapolis Civic and Commerce Assn. (1917), 247 U.S. 490, 500–501, 38 S.Ct. 553, 62 L.Ed. 1229; Frazier, III v. Alabama Motor Club, Inc. (5th Cir., 1965), 349 F.2d 456, 460; Clover Leaf Freight Lines v. Pacific Coast Wholesalers Ass'n (7th Cir., 1948), 166 F.2d 626; Handlos v. Litton Industries, Inc. (E.D. Wis., 1969), 304 F.Supp. 347; ACS Industries, Inc. v. Keller Industries, Inc. (D.Conn., 1969), 296 F.Supp. 1160; Perna v. Dell Publishing Co. (D.Mass., 1964), 240 F.Supp. 268; Nash-Ringel, Inc. v. Amana Refrigeration, Inc. (S.D. N.Y.1959), 172 F.Supp. 524; United States v. Watchmakers of Switzerland Inf. C. (S.D.N.Y., 1955), 133 F.Supp. 40; S.O.S. Co. v. Bolta Co. (N.D.Ill., 1953), 117 F.Supp. 59, 62–63; Pergament v. Frazer (E.D.Mich., 1949), 93 F.Supp. 9, 11–12; Stiftung v. V.E.B. Carl Zeiss, Jena (S.D.N.Y., 1963), 32 F.R.D. 608; Anno.: 18 A.L.R.2d 187.

It is therefore held that valid service of notice was obtained in Iowa on the defendant under section 617.3 Code of Iowa and the court has jurisdiction of the defendant under such service.

### (3)

### Venue under 12 U.S.C. § 94

Defendant contends the action should be dismissed because it was not brought in the proper venue.

12 U.S.C. § 94 provides: "Actions and proceedings against any association under this chapter [national banks] may be had in any district or Territorial court of the United States held within the district in which such association may be established * * *."

■ "* * * [I]t is now settled beyond question that 12 U.S.C. § 94 is mandatory and not permissive. All federal appellate courts which have considered the issue have held that for purposes of venue a national bank is a citizen of the state in which it is established or has its principal place of business, and only in that district can it be sued." Rome v. Eltra Corporation (E.D. Pa., 1969), 297 F.Supp. 314, 315; Mercantile National Bank at Dallas v. Langdeau (1963), 371 U.S. 555, 561–562, 83 S.Ct. 520, 9 L.Ed.2d 523; Michigan National Bank v. Robertson (1963), 372 U.S. 591, 593, 83 S.Ct. 914, 9 L.Ed.2d 961; Bruns, Nordeman & Co. v. American National Bank & Trust Co. (2nd Cir., 1968), 394 F.2d 300, 303.

■ "The right to be sued in a certain place only may be waived or lost by failure to assert it. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. [165] 166, 169, 60 S.Ct. 153, 84 L.Ed. 167. The right of defendant growing out of Section 94 does not differ from other similar rights to be sued only in certain places. It is a personal right and, obviously, may be waived by the conduct of the one to whom it belongs. Waiver is a voluntary and intentional

relinquishment or abandonment of a known existing right or privilege, which, except for such waiver, would have been enjoyed. 67 C.J. 289. * * * it may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. It must be proved by the party relying upon it. And if the only proof of intention to waive rests on what a party does or forbears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible." Buffum v. Chase National Bank of City of New York (7th Cir., 1951), 192 F.2d 58, 60–61.

▇ The Court does not believe the conduct of the bank in the operation of its BankAmericard Plan indicated an intention to voluntarily relinquish the right to be sued in the district where it has its principal place of business. The creation of a wholly owned subsidiary to do business in Iowa indicates an intention to preserve, rather than waive, the bank's right to be sued in Nebraska.

The Court has examined several other cases dealing with the venue privilege of a national bank. United States National Bank v. Hill (9th Cir., 1970), 434 F.2d 1019 (no venue where branch bank located); Klein v. Bower (2nd Cir., 1970), 421 F.2d 338 (no venue where doing business through agent); Buffum v. Chase National Bank of City of New York (7th Cir., 1951), 192 F.2d 58 (waiver limited to consent given in connection with trust business); Helco, Inc. v. First National City Bank (D. V.I., 1971), 333 F.Supp. 1289 (waiver in jurisdiction where branch bank located); Frankford Supply Co. v. Matteo (E.D. Pa., 1969), 305 F.Supp. 794 (branch banking waives venue privilege); Rome v. Eltra Corporation (E.D.Pa., 1969), 297 F.Supp. 314 (no waiver by acting as indenture trustee); Hills v. Burnett (1963), 175 Neb. 871, 125 N.W.2d 66 (no waiver by accepting assignment of conditional sales contract—same case as Michigan National Bank v. Robertson, supra); Lichtenfels v. North Carolina National Bank (1963), 260 N.C. 146, 132 S.E.2d 360, 1 A.L.R.3rd 897 (waiver by acting as fiduciary in an action challenging fiduciary actions). Anno.: 1 A.L.R.3rd 904. None have held there was a waiver under circumstances similar to those involved here.

The Court is in sympathy with the argument that the venue privilege imposes a hardship on the consumer under the truth-in-lending act, but the cases have repeatedly upheld it. Other courts have expressed dissatisfaction with the venue privilege granted national banks but it has been consistently pointed out that this is a matter for Congress, not the courts. No cases have been cited and none have been found where a national bank has been estopped by its conduct from asserting the venue privilege. This issue has not been raised here.

The bank raised the venue question at the earliest possible time and there was no waiver by failure to raise the privilege in a timely manner.

The Court therefore holds that the defendant National Bank has not waived the privilege of being sued in the district where it was established and the proper venue is the District of Nebraska. The Court however deems it appropriate and in the interest of justice that the action should be transferred to the United States District Court for the District of Nebraska rather than to dismiss it for improper venue. United States National Bank v. Hill (9th Cir., 1970), 434 F.2d 1019, 1021; 28 U.S.C. § 1406(a).

It is therefore ordered that the above entitled action should be and it is hereby transferred to the United States District Court for the District of Nebraska.