CATTLE BROKERS, INC., APPELLEE, v. LANNY BILLINGS, APPELLEE, AND O'NEILL NATIONAL BANK, A CORPORATION, APPELLANT.

346 N.W.2d 264

Filed March 23, 1984. No. 83-828.

John C. Schraufnagel of Cronin, Symonds & Schraufnagel, for appellant.

Kent F. Jacobs of Blevens, Blevens & Jacobs, for appellee Cattle Brokers, Inc.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

O'Neill National Bank appeals from the judgment of the district court for Seward County, which found that it owed Cattle Brokers, Inc., plaintiff below, for services rendered pursuant to an oral contract. We reverse and remand with directions to transfer the case to the district court for the proper county and grant a new trial.

O'Neill National Bank is a national bank located in O'Neill, Holt County, Nebraska. In December of 1981 Cattle Brokers, Inc., a company located in North Platte, Lincoln County, Nebraska, and involved in the management of the sale of livestock, conducted a sale of cattle belonging to Lanny Billings of Orchard, Antelope County, Nebraska. The sale was conducted at O'Neill, Nebraska, pursuant to an oral agreement entered into between Billings and Cattle Brokers at Billings' office in Neligh, Antelope County, Nebraska, on October 30, 1981. On November 6, 1981, a few days after the agreement was reached, Cattle Brokers contacted O'Neill National Bank, which held a security interest in Billings' cattle, and obtained the bank's approval to the sale. The bank and Billings were paid the proceeds of the sale, which were applied to reduce Billings' indebtedness to the bank. The bank thereafter made partial payment to Cattle Brokers on the agreed commission and expenses of conducting the sale. Failing to receive what it considered full payment, Cattle Brokers filed suit against both Billings and the bank in the district court for Seward County. Billings filed for bankruptcy prior to trial.

It appears that the only connection any of the parties has with Seward County is that it is the situs of the offices of the attorney prosecuting this action for Cattle Brokers.

After being served with process in Holt County, the bank filed a motion seeking to transfer the case to Holt County. This motion was overruled. The bank then answered the petition, preserving its venue objection, and on the day of trial raised the additional issue that, pursuant to federal statute, the action was not properly brought in Seward County.

The district court nonetheless proceeded to trial, found that O'Neill National Bank had ratified the contract and was liable for the amount due, and entered judgment accordingly.

In support of its appeal O'Neill National Bank assigns four errors to the trial court. Among them is an assertion that its motion to transfer should have been granted. That assignment is well taken, and, thus, we need not, and therefore do not, discuss the other issues, including the federal question, raised by the remaining assignments of error.

A national bank is a body corporate brought into existence under federal legislation, and is an instrumentality of the federal government. 12 U.S.C. § 24 (1976); *Dovey v. State*, 116 Neb. 533, 218 N.W. 390 (1928). There is authority that, as such, it cannot be considered a foreign corporation. *Com. v. 1st Pa. Overseas Fin. Corp.*, 425 Pa. 143, 229 A.2d 896 (1967); *Bezat v. Home Owners' Loan Corp.*, 55 Ariz. 85, 98 P.2d 852 (1940); *Homan v. Connett*, 348 Mo. 244, 152 S.W.2d 1053 (1941). There is also, however, authority which states that a federal corporation may be a foreign corporation in a given state. *Cooke v. The State National Bank of Boston*, 3 Abb. Pr. 339 (n.s. 1867); *Daly et al. v. The National Life Ins. Co. of the United States of America*, 64 Ind. 1 (1878); *Bowen agt. The First National Bank of Medina*, 34 How. Pr. 408 (1867). Since the statute, Neb. Rev. Stat. § 21-1202 (Cum. Supp. 1959), under which we previ-

ously determined that a federal corporation was a foreign corporation, has been repealed, 1963 Neb. Laws, ch. 98, § 135, p. 416, it appears we have no controlling case law on the subject. *Hills v. Burnett*, 172 Neb. 370, 109 N.W.2d 739 (1961), *vacated* 372 U.S. 591, 83 S. Ct. 914, 9 L. Ed. 2d 961 (1963), *on remand* 175 Neb. 871, 125 N.W.2d 66 (1963); *Robertson v. Burnett*, 172 Neb. 385, 109 N.W.2d 716 (1961), *vacated* 372 U.S. 591, 83 S. Ct. 914, 9 L. Ed. 2d 961 (1963).

Our present business corporation act states that a for-profit corporation organized under laws other than of this state for a purpose for which a corporation may be organized under our act is a foreign corporation. Neb. Rev. Stat. § 21-2002(2) (Reissue 1977). However, we need not resolve whether O'Neill National Bank is a foreign corporation to decide this case, and therefore do not.

Neb. Rev. Stat. § 25-408 (Reissue 1979) requires, with certain exceptions not relevant here, that an action against a foreign corporation be brought in any county in which there may be property of or debts owing to said defendant, or where said defendant may be found. Neb. Rev. Stat § 25-409 (Reissue 1979) requires that an action, other than one for tort, against a resident or residents of this state be brought in the county where the defendant, or one of the defendants, resides or may be summoned. Neither O'Neill National Bank nor Billings resides in Seward County. There has been no allegation that O'Neill National Bank owns property or is owed a debt in Seward County, nor is there any showing it was found and summoned in Seward County. The presence of the offices of Cattle Brokers' attorney in Seward County does not meet the venue requirements. Therefore, whether O'Neill National Bank is a foreign corporation or not, the venue was improper.

Both of the above-cited statutory sections require the court in which an action has been improperly brought under the venue provisions of those statutes

to transfer the case upon timely motion by a defendant.  Such a motion was made.  It should have been granted.  O'Neill National Bank is entitled to be tried where the law says it is to be tried.  Accordingly, the judgment of the district court is reversed and the cause remanded to the district court for Seward County with directions to transfer this case to the district court for Holt County for a new trial.

REVERSED AND REMANDED
WITH DIRECTIONS.